478 So.2d 112 (1985)
Jackie DAVIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-1808, 84-1809.
District Court of Appeal of Florida, Second District.
November 8, 1985.
James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank J. Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
In 1983, defendant Jackie Davis was placed on probation for robbery and possession of cannabis with intent to deliver. In 1984, the trial judge revoked the defendant's probation on finding that he had violated condition five of his probation by: (1) possessing cocaine; (2) possessing drug paraphernalia; (3) possessing marijuana; and (4) committing an armed robbery. The *113 court also found that the defendant had violated condition eight of his probation by failing to report to his probation officer immediately upon release from jail.
Defendant argues that the order revoking his probation incorrectly states that he committed crimes which were not proven at the revocation hearing. We find the evidence is sufficient to establish all of the foregoing violations except (4), committing an armed robbery. At defendant's revocation hearing, no evidence was presented regarding that alleged violation. In fact, during the hearing the assistant state attorney said he was not going to introduce any testimony concerning the armed robbery.
Since the record discloses sufficient evidence to establish that defendant violated his probation by possession of marijuana, cocaine and drug paraphernalia, we affirm the order of revocation. However, we remand with directions to strike that portion of the order finding that the defendant committed armed robbery. Paul v. State, 421 So.2d 696 (Fla. 2d DCA 1982); Davis v. State, 411 So.2d 886 (Fla. 2d DCA 1982).
GRIMES, Acting C.J., and SCHOONOVER, J., concur.