SHIVERS, Judge.
Appellant, Michael McNemar, appeals the trial court’s revocation of his community control. We reverse the revocation for the reasons set out below.
In July 1989, McNemar pled nolo conten-dere to one count of lewd act upon a child and was placed on two years community control followed by thirteen years probation. Under the terms of his community control, McNemar was prohibited from being in the company of any child under the age of 16 years unless supervised. In May 1990, a warrant was issued alleging that he had violated community control by committing sexual battery on a four-year-old child, and by being in the presence of that child without supervision. McNemar denied the allegations and a hearing was conducted in August 1990.
With regard to the two allegations of violation, the State presented the testimony of Wendy Sanbourer, Patricia Meredith, and Dr. John England. According to their testimony, Wendy Sanbourer (the victim’s mother), her four-year-old son (the victim), and Michael Rogers (Sanbourer’s live-in boyfriend), attended a birthday party for the appellant on the evening of March 14, 1990, at the home of appellant’s parents, Patsy and Michael McNemar, Sr. Sanbourer returned home after the party and put her son to bed at approximately 10:30 p.m. An hour or two later, he awoke “hollering and screaming” and, when Sanbourer checked on him, he told her that “his butt was hurting.” When Sanbourer asked him why, the boy allegedly told Sanbourer that “Little Mike” had sexually assaulted him in the bathroom at the party. According to Sanbourer, “Little Mike” was the name her son used when referring to the appellant. Sanbourer then asked him to repeat the story to Michael Rogers. Rogers called his mother, Pat Meredith, and told her what the boy had said, and Meredith came and took Sanbourer, the victim, and Rogers to the hospital at Tyndall Air Force Base, *606 where the victim was examined by Dr. John England. The victim was also interviewed twice, on March 15 and March 19, 1990, by a member of the Child Protection Team. Sanbourer, Meredith, and England each testified at trial regarding statements the victim made to them about the alleged assault.
Appellant argues on appeal that the trial court erred in revoking his community control where Sanbourer’s, Meredith’s, and England’s testimony with regard to the victim’s statements all constituted inadmissible hearsay which did not fall under any of the exceptions to the hearsay rule. We reverse the revocation without reaching the hearsay issue, finding that the State’s evidence, even if admissible, was insufficient to establish a willful and substantial violation of the terms of appellant’s community control. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988).
Although Sanbourer testified on direct examination that her son told her the sexual battery was committed by “Little Mike,” she stated on cross examination that he had probably actually said that it was committed by “Mike.” Similarly, Dr. England first testified that the victim told him that “Michael” had assaulted him, then admitted on cross examination that his report indicated the victim had actually said “Mike.” Pat Meredith testified, as did Sanbourer on direct examination, that the victim told her that “Little Mike” had assaulted him. To make matters even more confusing, Sanbourer first testified that she and her son called the appellant “Little Mike” and called Michael Rogers “Mike,” then stated on cross examination that she called the appellant “Mike” and that her son called him “Michael, Mike.” Pat Meredith testified that she called the appellant “Little Mike,” but that the victim called him “Mike.” Further, appellant testified that the victim called him “Mike” and called Michael Rogers either “Mike” or “Dad.” The evidence is undisputed that all three “Mikes” — Michael McNemar, Michael McNemar, Sr., and Michael Rogers — were at the party on March 14, 1990, and that none of the witnesses who testified saw the appellant, Michael McNemar, alone with the victim at any time.
Even assuming that the victim told everyone that “Mike” abused him, the evidence is completely conflicting as to whether he would have been referring to the appellant, to Michael Rogers, or to appellant’s father. Since the evidence is also conflicting as to whether the victim said that Mike, Little Mike, or Michael abused him, there is no way to determine whether he was referring to the appellant. Last, the testimony of the Child Protection Team member who interviewed the victim indicates that, during the March 15 interview, the victim said that the incident had occurred not at the birthday party, but at his house, and that it had occurred on four separate occasions. During the March 19 interview, the victim stated that it had happened at the birthday party in the bathroom.
In sum, even assuming that the victim’s statements to Sanbourer, Meredith, and Dr. England were all admissible under an exception to the hearsay rule, the greater weight of the evidence fails to establish that the appellant violated the conditions of his community control as alleged. We therefore reverse the trial court’s order revoking community control.
REVERSED.
KAHN, J., concurs.
ZEHMER, J., concurs with an opinion.