PER CURIAM.
Mr. Carlyle appeals his judgments and sentences for multiple felony charges, including robbery, burglary, and sexual battery.[1] We affirm those without discussion.
He also appeals the revocation of his probation in case number 89-17069.[2] We reverse this revocation because the trial court did not conduct any hearing on the alleged violations and failed to prepare a written order setting forth the conditions that were violated. State v. Spratling, 336 So.2d 361 (Fla.1976); Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990).
Mr. Carlyle was on probation in case number 89-17069 at the time he committed the multiple felonies. Although these new offenses could clearly serve as a basis for a revocation of his probation, the state has never alleged a violation of probation aris *241 ing out of these offenses. Instead, the state has relied upon technical and substantive violations that are distinct from the new offenses. The trial court did not conduct a revocation hearing in case number 89-17069, but simply imposed a sentence on revocation of probation at the sentencing hearing for the new offenses. Since no evidence concerning the alleged violations was ever presented to the trial court, it could not find a violation unless the defendant voluntarily admitted to one of the alleged violations. He did not.
Accordingly, we reverse the revocation order and remand for reinstatement of the order of probation. The state is not precluded from proceeding as necessary to properly revoke the defendant’s probation.
HALL, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.

. State v. Carlyle, Nos. 90-13627, 90-15261, Circuit Court of the 13th Judicial Circuit, Hillsborough County, Florida.

. State v. Carlyle, No. 89-17069, Circuit Court of the 13th Judicial Circuit, Hillsborough County, Florida.