611 So.2d 26 (1992)
Russell H. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-455.
District Court of Appeal of Florida, First District.
December 22, 1992.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, Russell Jones, entered a plea of nolo contendere, was adjudicated guilty of aggravated battery upon his wife, and was placed on community control for a *27 period of twelve months on September 11, 1991. Based on an Affidavit of Violation of Community Control presented by Appellant's community control officer, Barbara Bloom, on January 8, 1992, the trial court held a violation hearing. After determining that Appellant had violated three conditions of community control, the trial court revoked community control and sentenced Appellant to 3 1/2 years in state prison. Because of the lack of specificity of Condition (19) of the Judgment of Guilt Placing Defendant on Community Control and the inadequacy of the directions given by Appellant's community control officer, we must vacate both the order revoking community control and the resulting sentence, and remand the cause for another violation of community control hearing regarding the two remaining conditions. Cf. Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990) (reversing order that revoked probation for violation of a single condition requiring completion of sex offender program, where order lacked requisite specificity and record failed to show a willful and substantial violation of probation).
Appellant was ordered to comply with certain enumerated conditions and sanctions of community control, three of which are pertinent on appeal. The only disputed condition is Condition (19) stating: "You shall receive a mental health evaluation and follow any recommended treatment as directed by your Community Control Officer." The testimony presented at the violation hearing indicates that the only direction given to Jones by Officer Bloom was on November 8, 1991, when she instructed Appellant to have a mental health evaluation appointment by the following week. Bloom provided no assistance in obtaining accurate information about fee charges and payment options for an evaluation, nor was a list of names and addresses provided to guide Jones as to whom to contact or where to go to seek an evaluation. We find nothing in the record indicating that Appellant was ever informed about the nature and scope of a "mental health evaluation." In fact, the record shows it was unclear whether the required evaluation would involve a visit to a psychiatrist or to a psychologist.
Bloom testified that she ordinarily allows two months for an individual on twelve months' community control to schedule an appointment. Jones and his community control officer had no further communication until January 7, 1992, when Appellant visited Bloom's office and informed her that he had not scheduled an appointment because he could not afford to pay the fee for an evaluation. Jones testified that he had called two psychiatrists and was told that an initial visit would cost in the range of $200-$255. At that time, Appellant had just resumed employment, and he provided evidence that his earnings for November and December 1991 had been $1,250 and $800, respectively. Jones failed to schedule an appointment based on his belief that he would have to pay the full typical fee at the time of the evaluation, so that scheduling an appointment for apparently unaffordable treatment would be futile. Bloom filed an affidavit of violation of community control based on Appellant's failure to get an appointment.
Appellant concedes that the other violations are supported by competent evidence, but he asserts that those two violations alone do not warrant revocation of community control. They involve Condition (11) (imposing confinement to approved residence subject to specific exceptions) and Condition (20) (prohibiting contact with his wife and one of his children). "A violation which triggers a revocation of probation must be willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence." Johnson v. State, 561 So.2d 1254, 1255 (Fla. 2d DCA 1990); McNemar v. State, 588 So.2d 605 (Fla. 1st DCA 1991) (applying same test to violation of community control and reversing order revoking same). Accordingly, the issue on appeal is whether Jones violated Condition (19) willfully and substantially.
We find Young instructive on the question of whether Condition (19) was specific enough to reasonably permit Appellant to act within the time period imposed by his *28 supervising officer. As a condition of probation, Young was ordered to complete a program for mentally disordered sex offenders. Like Appellant here, Young professed a willingness to meet the condition and took the initial steps toward compliance. Young was admitted into the program but was released due to his denial of having committed the sexual offense in question and his conflict with the program's director. An affidavit of violation of probation was filed, but he requested a continuance of the violation hearing so that he could enter another program. Nevertheless, the trial court revoked probation based on Young's violation of the condition. The Second District Court reversed the order and remanded the cause to the trial court for reinstatement of probation and clarification of the requirements of the condition. Id., 566 So.2d at 70. Among the deficiencies in the probation order were the failure to specify the period within which Young had to complete the program, or how many opportunities he would have to obtain success. Id. Cf. Haynes v. State, 571 So.2d 1380 (Fla. 2d DCA 1990) (revocation of probation and community control was error, based on appellant's failure to complete sex offender program, where order presenting conditions lacked specificity).
We find that Condition (19) of Appellant's community control order likewise lacks the necessary specificity to direct him toward compliance. But for his perceived inability to pay the expected up-front costs of an evaluation, Appellant indicated an intent to fulfill the requirements of Condition (19). Although the trial court stated on the record that Appellant's financial situation did not preclude him from getting an appointment, and that upon diligent inquiry Appellant could have known that the county mental health association performed evaluations on a sliding scale, we hold that Condition (19) lacks the necessary specificity for a finding of a willful and substantial violation of community control. Young; Washington v. State, 579 So.2d 400 (Fla. 5th DCA 1991) (reversing order revoking probation, where appellant was never instructed on terms of probation, including requirement to report to probation officer).
Because Appellant concedes that the record demonstrates violations of the other two conditions, we remand the cause to the trial court for a hearing to reconsider whether revocation of community control and imposition of a 3 1/2 year prison sentence are still warranted absent Condition (19). See McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987) (striking of one of three probation violations did not require remand for reconsideration of either the revocation or the sentence, where the appellate court was convinced that neither would be affected by the deletion of one violation). Given the seriousness and nature of the original offense (aggravated battery), we would note that the condition requiring Jones to submit to a mental health evaluation was an integral part of the rehabilitative purpose of community control.
The order revoking community control is vacated, and the cause remanded for the trial court to hold another violation hearing to consider Conditions (11) and (20). VACATING revocation order and sentence, and REMANDING for a new hearing.
SMITH and KAHN, JJ., concur.