618 So.2d 790 (1993)
Patrick L. ASTORE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02150.
District Court of Appeal of Florida, Second District.
May 26, 1993.
*791 Dwight M. Wells, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Patrick Astore has sought our review of the trial court's oral pronouncement revoking his probation and sentencing him to nine years' imprisonment. Astore was found to have violated the special condition of his probation prohibiting him from having contact with a child under the age of sixteen outside the presence of a responsible adult. We reverse and remand.
Astore pleaded guilty to three counts, contained in two informations, of lewd and lascivious conduct with a child. The trial court imposed a suspended sentence of nine years' imprisonment and placed Astore on probation for fifteen years. Among the special conditions of probation was one commanding that Astore avoid all contact with children under sixteen years of age "without a responsible adult present." He served probation successfully and without significant incident for four years when, in March of 1992, Carolyn Walsh, his probation officer, filed an affidavit charging him with failing to comply with her instructions, and two other violations based upon the following events:
[T]he Probationer did have contact with a child under 16 years of age without a responsible adult present as evidenced by a home visit by Probation Officer Walsh on 2/19/92, wherein Officer Walsh witnessed such contact. The child's mother, ... was present but is currently under investigation by HRS for failure to protect her child and is not considered a responsible adult.
[T]he Probationer did have contact with a child under 16 years of age without a responsible adult present as evidenced by his statement to Child Protective Investigator Larry Michael wherein he admitted to being in a car alone with a 5 year old child, ... while her mother was in the grocery store. He made this admission to Mr. Michael on 3-17-92.
At the time of these occurrences, the mother and Astore were dating and, at his invitation, she and her child resided with him. Shortly thereafter, Walsh ordered Astore either to expel them or vacate the premises himself. He complied, and the mother and child moved in with a friend. Within a week, however, the two returned to Astore's home. When Walsh discovered that her directive had been breached, she filed an affidavit of violation. There is no question that these events literally describe a violation of condition (8), i.e., Astore's compliance with the instructions of his probation officer. Thus, we do not disturb the trial court's finding of a violation here.
By contrast, we have not found ample evidence to support the two alleged violations of special condition (11), i.e, forbidding Astore from solitary contact with children. The trial court based the first violation not upon direct evidence of prohibited contact, but upon the view, urged by Walsh, that the mother was not "a responsible adult" as that phrase appears in the order of probation. Although we commend the trial court's efforts to protect the child from potential molestation, our review of the evidence compels us to the conclusion that the state failed to establish a violation of special condition (11). It was undisputed at the revocation proceeding that Walsh never witnessed Astore with the child outside *792 the presence of the mother. Further, the HRS investigation of the mother, undertaken at the behest of Walsh, was closed without adverse findings. Consequently, prior to the trial court's pronouncement that the mother fell outside the criteria of the special condition, the state had no proof of an infraction. See Moser v. State, 523 So.2d 783 (Fla. 5th DCA 1988) (lack of proof that probationer committed offense charged in affidavit precluded revocation of probation). We vacate the revocation order to the extent it finds a violation, described above, of condition (11).
The second violation of condition (11), reported by Larry Michael, is not supported by an an affidavit from him attesting to the conduct attributed to Astore. Because the trial court erroneously found a violation not established at the hearing, we set the finding aside. Davis v. State, 478 So.2d 112 (Fla. 2d DCA 1985).
Based upon the foregoing, we reverse the order of revocation and remand this matter for the trial court to reconsider whether, in the absence of two of the three violations, the revocation of Astore's probation and the imposition of a nine year prison sentence are warranted. See Jones v. State, 611 So.2d 26 (Fla. 1st DCA 1992). On remand, if Astore is restored to probation, the trial court may consider including a special condition in the order precluding him from residing with a child under the age of sixteen.
We reverse the order of revocation and the consequent sentence.
RYDER, A.C.J., and BLUE, J., concur.