727 So.2d 1044 (1999)
Enrique SOTO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02469.
District Court of Appeal of Florida, Second District.
February 19, 1999.
*1045 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Enrique Soto appeals the judgment and sentence entered following the revocation of his probation. Because we conclude that the State did not prove a willful and substantial violation, we reverse and remand with instructions to reinstate Soto's probation.
In 1995, Soto pleaded guilty to attempted sexual battery and lewd act upon a child. The trial court sentenced him to fifteen years in prison, but provided that after Soto served two years, the remaining thirteen years would be suspended and Soto placed on probation. Among the special conditions of probation, Soto was ordered to have no contact with any child less than sixteen years of age until he completed a sex offender program, and thereafter to have no contact with any child under sixteen without another responsible adult present. The court also noted that Soto could transfer his probation to California.
On June 10, 1996, Soto was released from prison, and although he was homeless, he possessed an airline ticket to California that had been purchased by his family. The probation officer attempted to make arrangements for Soto to transfer the probation to California where he was to live with a brother, Moysis Soto. In a telephone conversation, Moysis Soto told the probation officer that there were no children in his home. The probation officer initiated a home investigation by the California authorities, but because the investigation would take some time, he gave Soto a thirty-day travel permit with the understanding that if the California authorities did not approve the probation plan, he would have to return to Florida. Soto left for California on June 19, 1996.
The probation officer called Moysis Soto on June 20, 1996, and learned that Enrique was not living with him. Moysis informed the probation officer that he did have small children in his home, but he had previously lied to help Enrique get the travel permit, *1046 and that Enrique knew about the lie. Enrique called the probation officer to inform him that he was living in a trailer because when he arrived at his brother's house, he found his niece's children living there, and he knew he would violate the probation if he stayed with them. On July 9, 1996, the probation officer told Soto that the California authorities had rejected the residential plan and that he would have to return to Florida immediately. On July 23, 1996, Soto asked the probation officer to give him more time because he did not have the funds to return. This request was denied. Soto was charged with violating his probation and extradited from California.
The trial court determined that Soto had violated probation as charged by (1) moving from the approved residence of his brother, without permission, and (2) lying to the probation officer by telling him that no children lived with his brother.
The only evidence that Soto lied about the children consists of the probation officer's testimony. As noted above, he testified that Moysis Soto admitted lying about the children and said that Enrique knew the children lived there. Enrique testified, however, that he did not know until he arrived in California that his niece's children were staying with his brother. Although hearsay testimony is admissible in a probation revocation hearing, it is insufficient standing alone to establish a violation of a condition of probation. See Rowan v. State, 696 So.2d 842, 843 (Fla. 2d DCA 1997). Because the trial court could not properly revoke Soto's probation based solely on the probation officer's testimony, we conclude that the evidence was insufficient to support the finding that Soto lied about the children living in his brother's home.
We now turn to the second ground for the revocation, that Soto failed to live at his approved residence. The State had the burden of proving, by the greater weight of the evidence, that this violation was willful and substantial. See Roseboro v. State, 528 So.2d 499, 500 (Fla. 2d DCA 1988). Soto contends that his leaving his brother's residence was not a willful violation because he was making a reasonable effort to comply with the condition that he avoid contact with children.
A defendant's failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply, and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance. See Jacobsen v. State, 536 So.2d 373, 375 (Fla. 2d DCA 1988). Soto testified that when he arrived in California, he found himself in the no-win situation of having to choose between violating his probation by staying in the approved residence with the children or violating his probation by failing to stay in that residence. Because there was not a sufficient basis for the court to conclude that before he left for California, Soto knew that children would be present at the brother's house, the evidence was also insufficient to prove that Soto willfully violated probation on this ground. We therefore reverse because the State did not meet its burden of proving a willful and substantial violation.
The State argues that Soto also violated probation by failing to return from California, as instructed. However, the trial court could not properly revoke Soto's probation based on this allegation because it does not appear in the charging affidavit. See Butler v. State, 450 So.2d 1283, 1285 (Fla. 2d DCA 1984) (citing Hodges v. State, 370 So.2d 78 (Fla. 2d DCA 1979)).
Accordingly, we reverse the order of revocation and remand for the reinstatement of Soto's probation.
Reversed and remanded.
BLUE, A.C.J., and FULMER and CASANUEVA, JJ., Concur.