779 So.2d 461 (2000)
Phillip SHIFLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2884.
District Court of Appeal of Florida, Second District.
October 25, 2000.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The circuit court revoked Phillip Shiflett's probation and sentenced him without conducting a revocation hearing. Shiflett had not entered either an oral or written plea to the asserted violations. We reverse.
The record reflects that Shiflett had been attempting to negotiate a plea agreement with the State. The circuit court was aware of these ongoing efforts, and had continued the matter several times. Through inadvertence, the court sentenced Shifflett in four separate cases in which he had been serving probation, *462 although Shiflett had never admitted the violations.
A court may revoke probation if the probationer admits the violation, or, if not admitted, after it has given the accused an opportunity to be fully heard. See § 948.06, Fla. Stat. (1999). The court may sentence the probationer only after it has properly revoked probation. See id. We reverse and remand for further proceedings.
PATTERSON, C.J., and STRINGER, J., Concur.