SAWAYA, J.
Ruben Gonzalez appeals his conviction and sentences for lewd act on a child, using a child in a sexual perfor-manee, and unlawful possession of materials depicting sexual performance by a child.[1] After the jury rendered its verdict finding Gonzalez guilty of all three counts, the trial court orally sentenced him as follows: Count I — 141 months in prison, Count II — ten years on sex offender probation to run consecutive to the prison sentence in Count I, and Count III — five years on sex offender probation to run concurrently with the probation in Count II. However, contrary to the oral sentence imposed, the final written order imposed consecutive sentences for Counts II and III.
Gonzalez subsequently filed a motion to correct the sentence, asserting that: 1) the maximum possible prison sentence in Count I should have been 112.875 months, and 2) the written probation order reflected “consecutive” probation terms instead of the “concurrent” terms announced in open court. The trial court granted the motion as to both issues. An amended sentencing order reflects the correction as to the prison term, but does not change the “consecutive” probation terms to “concurrent.”
Gonzalez contends, and the State concedes, that the oral pronouncement of sentence controls. Ashley v. State, 28 Fla. L. Weekly S18, S20, — So.2d -, -, 2003 WL 60564 (Fla. Jan. 9, 2003) (recognizing and affirming the “longstanding principle of law — that a court’s oral pro *1114 nouncement of sentence controls over the written document.”); Shipman v. State, 842 So.2d 1021 (Fla. 5th DCA 2003); see also Taylor v. State, 840 So.2d 371 (Fla. 1st DCA 2003) (remanding to the trial court to enter a probation revocation order consistent with that orally pronounced in court); Blackshear v. State, 838 So.2d 1228, 1229 (Fla. 1st DCA 2003) (remanding for entry of a proper revocation order when “the written order of revocation of probation [was] not consistent with the trial court’s oral pronouncement.”).
While we affirm Gonzalez’ convictions, we remand for correction of the sentence to reflect the concurrent instruction pronounced in open court.
AFFIRMED and REMANDED to correct the written order of sentence.
SHARP, W., and PALMER, JJ., concur.

. §§ 800.04, 827.071(2), 827.071(5), Fla. Stat. (1997). We note that Gonzalez originally entered a plea of nolo contendere to two of the three charges, reserving his right to appeal the denial of a previously filed motion to suppress his confession. The other count was nolle prossed. On appeal, this court affirmed the conviction, holding that the record did not show that the confession was dispositive. See Gonzalez v. State, 739 So.2d 1260 (Fla. 5th DCA 1999), review denied, 753 So.2d 564 (Fla.2000). Gonzalez subsequently filed a motion pursuant to rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of counsel. The trial court granted this motion and the case proceeded to trial on all three original charges. Gonzalez now appeals his convictions and the sentences imposed after the jury returned its verdict finding him guilty on each charge. We conclude that the issues Gonzalez raises relating to his conviction of these charges are without merit and, accordingly, we affirm his convictions.