MONACO, J.
The appellant, Jermaine Johnson, appeals the judgment and sentence imposed on him after the trial court revoked his probation. Because there was no eviden-tiary support for the most serious bases of revocation, and because the documentation reflecting the revocation of probation was not consistent with the oral pronouncements of the trial judge, we reverse.
Mr. Johnson was on probation as a result of having pled to a number of felony drug offenses. After his probation officer filed an affidavit reflecting several different violations of his probationary placement, Mr. Johnson came before the trial court for a violation of probation hearing.
Apparently, there were two different violation affidavits that were before the trial court at the hearing, a first amended affidavit and a third amended affidavit. The first amended affidavit outlined violations of the conditions of probation requiring Mr. Johnson to report to his probation officer each month; to pay certain court imposed costs; not to change his residence without permission from his probation officer; to work at a lawful occupation; to follow verbal and written instructions of his probation officer; to complete certain *492 community service hours; and not to violate the law. Of, importance is the fact that Mr. Johnson was alleged to have violated the proscription against breaking the law by having been arrested for driving with a suspended license, and for leaving the scene of an accident, and thereby resisting arrest. The third amended affidavit repeated all of the violations of the first amended affidavit, and added yet another law violation, this time for selling cocaine.
The probation officer testified at the hearing that Mr. Johnson had failed to report, as required, on certain dates, and failed to follow her verbal and written instructions to report. She then testified in conclusory fashion to the effect that he also failed to pay certain court imposed charges, and failed to complete his • court imposed community service hours. There was no testimony regarding Mr. Johnson’s ability to pay the court charges,[1] and it appears that there was ample time left in his probation to complete the remainder of his community service hours. The probation officer did not testify about the new law violations or about a violation for failure to be fully employed.
When the next witness, a law enforcement officer, began to testify concerning a recent arrest of Mr. Johnson for selling illicit drugs, and the consequent violation of the probation condition requiring him to refrain from violating the law, his counsel immediately objected and pointed out that there was no mention of that crime in the first amended violation affidavit. After the trial judge related that it was fully described in the third amended affidavit, Mr. Johnson’s counsel further objected because the third amended affidavit had never been served on him. The trial court overruled the objection, however, and allowed the law enforcement officer to continue discussing the drug arrest. No testimony was offered concerning the suspended license, leaving the scene or resisting arrest violations during the course of the hearing.
At the conclusion of the officer’s testimony, defense counsel objected once more because of the failure to serve him with a copy of the third amended affidavit. This time the trial judge sustained the objection because of the failure to serve counsel with the later affidavit, apparently indicating that the court was now proceeding only on the first amended affidavit. The trial judge then said that Mr. Johnson was still in violation because the court considered the testimony of the drug transaction to indicate that Mr. Johnson had violated the condition of probation that required him to be lawfully employed. In this regard the trial judge noted, “it’s clear that he’s selling cocaine, which is certainly not a lawful occupation, so there’s a violation of condition seven.”
Although the oral pronouncement of his findings and conclusions is somewhat ambiguous, it appears that the trial judge found that Mr. Johnson violated his probation by failing to report, failing to comply with the instructions of his probation officer, and failing to work at a lawful occupation, as alleged in the first amended affidavit. He then revoked probation and sentenced Mr. Johnson to serve ten years in prison. The written order of revocation of probation that was executed a week later, however, indicated that Mr. Johnson violated all of the conditions set forth in the third amended affidavit, including the condition prohibiting new law violations.
The standard of review that we apply in considering appeals founded on orders revoking probation is whether the trial court abused its discretion. See Steiner v. State, 604 So.2d 1265 (Fla. 4th *493 DCA 1992). Here, we conclude that an abuse has been demonstrated.
We begin by noting that there is substantial competent evidence to support the trial court’s finding that Mr. Johnson violated his probationary placement by failing to report and by failing to follow the oral and written instructions of his probation officer. By the same token, we also note that there is absolutely no evidence to support that part of the written order of violation of probation indicating that Mr. Johnson violated probation by failing to pay court ordered costs, by failing to complete his community service hours, by changing his residence, or by committing the law violation concerning his driving without a license, leaving the scene of an accident and resisting arrest. The inclusion of a finding in the written order that Mr. Johnson transgressed these latter conditions of probation was for this reason an abuse of discretion. Moreover, none of the unsubstantiated violations contained in the written order were orally pronounced at the conclusion of the violation of probation hearing. Clearly, then, these must be stricken from the order.
The trial court both orally and in his written order found that Mr. Johnson had violated the condition that he remain lawfully employed because he was arrested for selling cocaine. Remaining employed in a lawful occupation and selling drugs, however, are not mutually exclusive. That he was caught committing this crime does not mean that he did not have a lawful full time job. He may very well have been lawfully employed. There is no testimony on this issue one way or the other. As there was no testimony or other evidence concerning whether or not he was so employed, he could not have been found to have violated the condition of probation mandating that behavior. The testimony concerning his law violation, thus, does not in this instance support a finding that he was not lawfully employed, and the court abused its discretion in so finding.
Finally, despite the fact that the trial judge eventually concluded that only the first amended affidavit of violation of probation would be considered, the written order indicates that Mr. Johnson was found to have violated the conditions set forth in the third amended affidavit. Obviously, this oversight needs correction, as well.
Unquestionably, a failure to report and the failure to follow the probation officer’s instructions would, in themselves, support a revocation of Mr. Johnson’s probation, and if the paper work is corrected properly, such an order would be supported by substantial competent evidence. See, e.g., Perez v. State, 884 So.2d 306 (Fla. 2d DCA 2004); Oates v. State, 872 So.2d 351 (Fla. 2d DCA 2004); Delee v. State, 816 So.2d 677 (Fla. 3d DCA 2002), review denied, 842 So.2d 843 (Fla.2003). It is not clear, however, whether the trial court would have imposed the same sentence based solely on these violations alone. We, therefore, vacate Mr. Johnson’s judgment and sentence, and remand for correction of the written order of revocation of probation, and for resentencing. See Smith v. State, 705 So.2d 1033 (Fla. 3d DCA 1998); Astore v. State, 618 So.2d 790 (Fla. 2d DCA 1993); Jones v. State, 611 So.2d 26 (Fla. 1st DCA 1992). On remand, the trial court may impose the same sentence or exercise its discretion to impose a reduced sentence. See Smith; Royster v. State, 691 So.2d 1196 (Fla. 4th DCA 1997).
REVERSED and REMANDED with instructions.
PETERSON and GRIFFIN, JJ., concur.

. Without evidence of Mr. Johnson’s ability to pay, a finding of violation of this condition cannot be sustained. See Reed v. State, 865 So.2d 644 (Fla. 2d DCA 2004).