CASANUEVA, Chief Judge.
 

 Rafael Casas appeals an order revoking his probation based on two violations: associating with individuals engaged in criminal activity (condition six) and using intoxicants to excess (condition seven). We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(A) and 9.140(b)(1)(D). We affirm the trial court’s finding of guilt as to a violation of condition seven. We reverse its finding of guilt as to a violation of condition six, the revocation of probation, and the sentence imposed, and we remand for further proceedings.
 

 In 2005, Mr. Casas pleaded guilty to one count of failure of a sex offender to report and one count of failure of a sex offender to report to the Florida Department of Highway Safety and Motor Vehicles within forty-eight hours of a change of address. The trial court sentenced him to six
 
 *205
 
 months of community control followed by thirty-six months of probation.
 

 Mr. Casas’s probation officer filed an affidavit of violation of community control in 2008, alleging two violations of his probation. Condition six states, “You will not associate with persons engaged in criminal activity.” Condition seven states, ‘You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.” Mr. Casas appeared for a violation of probation hearing on January 5, 2009.
 

 Mr. Casas admitted violating condition seven, but he denied violating condition six. The transcript reads:
 

 THE COURT: In addition to that, sir, you violated Condition Six by associating with persons engaged in criminal activity and as grounds for that belief, your officer states that on December 17th you admitted that you associated with your live-in girlfriend who uses marijuana in your presence; is that correct?
 

 THE DEFENDANT: Not in my presence, sir.
 

 THE COURT: Well, it says here that subject admitted that his girlfriend and other friends do smoke marijuana in his presence.
 

 THE DEFENDANT: Not in my home....
 

 Without providing the parties an opportunity to present evidence, the court found Mr. Casas in violation of both conditions six and seven and sentenced him to 46.8 months in Florida State Prison. Mr. Ca-sas did not contemporaneously object to the trial court’s finding of violation as to condition six, and he did not file a Florida Rule of Criminal Procedure 8.800(b) motion to correct his sentence. However, we may review this issue on appeal because “revoking probation based partly on a purported violation that was not proved or admitted constitutes fundamental error.”
 
 Odom v. State,
 
 15 So.3d 672, 678 (Fla. 1st DCA 2009).
 

 Trial courts cannot find a violation of probation where no evidence is presented and the defendant does not admit to the alleged violation.
 
 See Shiflett v. State,
 
 779 So.2d 461, 462 (Fla. 2d DCA 2000);
 
 Carlyle v. State,
 
 599 So.2d 240, 241 (Fla. 2d DCA 1992). Here, the transcript of the revocation of probation hearing demonstrates that Mr. Casas did not admit to violating condition six; accordingly, the trial court should have conducted an evi-dentiary hearing on that condition.
 
 See
 
 Fla. R.Crim. P. 3.790(b) (“If the [violation of probation or community control] is not admitted by the probationer or community controllee and if it is not dismissed, the court, as soon as practicable, shall give the probationer or community controllee an opportunity to be fully heard in person, by counsel, or both.”). Because the court erred in finding that Mr. Casas violated condition six without first holding an evi-dentiary hearing, we reverse the trial court’s finding of guilt on condition six.
 

 Further, we must also reverse the revocation of probation and the sentence imposed because it is not clear whether the trial court would have revoked Mr. Casas’s probation based solely upon the remaining violation of condition seven.
 
 E.g., Robinson v. State,
 
 907 So.2d 1284, 1287 (Fla. 2d DCA 2005) (“[B]ecause we cannot determine whether the court would have revoked Mr. Robinson’s probation based solely on his violations of conditions 3 and 9, we reverse and remand with instructions.”);
 
 Anthony v. State,
 
 854 So.2d 744, 748 (Fla. 2d DCA 2003) (“Because it is unclear from the record whether the trial court would have revoked Antho
 
 *206
 
 ny’s community control based solely upon the three violations of condition 12, we reverse ... [and] remand.... ”);
 
 Astore v. State,
 
 618 So.2d 790, 792 (Fla. 2d DCA 1993) (“[W]e reverse the order of revocation and remand this matter for the trial court to reconsider whether, in the absence of two of the three violations, the revocation of Astore’s probation and the imposition of a nine year prison sentence are warranted.”). Mr. Casas admitted he violated condition seven by overindulging in alcohol in his own home on the night of his engagement to his fiancée. It does not appear that Mr. Casas violated any criminal law or placed any other person in danger by drinking in his own home that evening. The record suggests that he was within approximately three months of completing his forty-two months of supervision, that he held a full time job, that he was supporting his children, and that he had completed all other terms and conditions of his probation. We cannot conclusively say that the trial court would have revoked probation and imposed a significant prison term of 46.8 months based solely upon Mr. Casas’s relatively harmless lapse in judgment on the night of his engagement.
 

 We offer one additional thought on remand. When questioned about his girlfriend’s drug use, Mr. Casas twice denied that she smoked marijuana in his presence (“Not in my presence, sir.... Not in my home.”). The only indication within this limited record that Mr. Casas violated condition six of his probation came from the affidavit of violation prepared by Mr. Ca-sas’s probation officer. Though hearsay evidence is admissible to prove a violation in a probation revocation hearing, it may not independently support a finding of violation.
 
 Russell v. State,
 
 982 So.2d 642, 646 (Fla.2008) (citing
 
 Cuciak v. State,
 
 410 So.2d 916, 918 (Fla.1982)). If the State fails to present nonhearsay evidence on remand, a finding of violation of condition six would be erroneous. Additionally, without an evidentiary link between Mr. Casas and his fiancée’s independent conduct — outside of their home and outside of his presence — a finding of violation of condition six could not stand.
 

 Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
 

 KELLY and KHOUZAM, JJ., Concur.