NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MARK ANTHONY MARCHAN,              )
                                  )
            Appellant,            )
                                  )
v.                                )        Case No. 2D14-3474
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____   )

Opinion filed June 1, 2016.

Appeal from the Circuit Court for Lee
County; Mark A. Steinbeck, Judge.

Howard L. Dimmig, II, Public Defender, and
Amanda V. Isaacs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

        Mark Marchan challenges the revocation of his probation following an

evidentiary hearing and the denial of a motion to correct a sentencing error. We agree

that the written order of revocation erroneously states that Mr. Marchan admitted to all

of the alleged violations of probation, and the order requires correction. We further

conclude that the evidence presented at the revocation hearing is insufficient to support several of the violations on which the trial court based its revocation. Because it is not clear that the trial court would have revoked Mr. Marchan's probation on the remaining violations, we remand this matter for reconsideration by the trial court.

## I. FACTS AND PROCEDURAL HISTORY

Mr. Marchan was adjudicated guilty of criminal mischief, damage of $1000 or more, on September 13, 2013, resulting in a split sentence of forty-six days in jail followed by eighteen months' probation. The State filed a third amended affidavit of violation of probation on May 6, 2014, alleging seventeen violations of probation. Following an evidentiary hearing, the trial court orally pronounced that the State had proven all but two of the alleged violations, revoked Mr. Marchan's probation, and sentenced him to 364 days' jail, followed by twelve months' community control, followed by twelve months' drug offender probation, followed by twelve months' probation.

## II. ANALYSIS

## A. MOTION TO CORRECT SENTENCING ERROR

Mr. Marchan appealed the revocation of probation and also filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging that the order of revocation erroneously states that Mr. Marchan "admitted and pled to all of the allegations of probation." The trial court failed to rule on Mr. Marchan's motion within sixty days; thus, the motion is deemed denied. See Fla. R. Crim. P. 3.800(b)(2)(B). Because Mr. Marchan contested the alleged violations of probation, the written order is erroneous and we reverse the denial of the rule 3.800(b)(2) motion.

## B. REVOCATION OF PROBATION

"Probation can be revoked upon a finding that a violation is willful and substantial. On review of an order of revocation of probation, the appellate court first examines whether competent substantial evidence supports the trial court's finding of a willful and substantial violation." Wharton v. State, 136 So. 3d 632, 634 (Fla. 2d DCA 2013) (citation omitted).

"A defendant's failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply, and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance." Soto v. State, 727 So. 2d 1044, 1046 (Fla. 2d DCA 1999); see also Selig v. State, 112 So. 3d 746, 750-51 (Fla. 2d DCA 2013) (finding insufficient evidence that the probationer had the ability to comply with the condition and willfully refused to do so). For example, where a defendant is physically prevented from complying due to incarceration or hospitalization, the failure to comply is not willful. See Anderson v. State, 711 So. 2d 106, 108 (Fla. 4th DCA 1998) ("A probationer's failure to timely report to the probation office is neither willful nor a violation of probation where the probationer was arrested and incarcerated before he was scheduled to appear at the probation office.").

Here, Mr. Marchan was found to have violated his probation by failing to report to the probation office as directed on March 5, 2014; failing to report to the probation office immediately upon being discharged from the hospital; and failing to comply with all instructions given by failing to bring documentation of hospitalization to

his probation officer on March 5, 2014. Based on the facts presented at the hearing, we conclude there is insufficient evidence to support these violations.

The evidence presented at the hearing was that Mr. Marchan was in Lee Memorial Hospital from March 2, 2014, through March 5, 2014, at which point he was transferred by a Lee County Sheriff's Officer to SalusCare, where he was Baker Acted. He was released from SalusCare on March 7, 2014, at which point he was taken directly to jail on a failure to appear charge. Accordingly, the record lacks competent substantial evidence to support findings of willful and substantial violations of these conditions. We further find that the record does not support willful and substantial violations for failing to truthfully answer the probation officer's inquiries as to whether Mr. Marchan was Baker Acted and when he was released from the hospital.

The affidavit alleges that Mr. Marchan violated condition nine by failing to comply with the probation officer's instruction to sign a HIPPA release with SalusCare. "Probation may be revoked for violation only of a condition that was imposed by the trial court, not the probation supervisor; that is, 'a probation officer cannot prescribe new conditions of probation.' " Odom v. State, 15 So. 3d 672, 681 (Fla. 1st DCA 2009) (quoting Hutchinson v. State, 428 So. 2d 739, 740 (Fla. 2d DCA 1983)); see also Hutchinson, 428 So. 2d at 740 ("[T]he probation officer's directive that appellant report to a rehabilitation program for therapy was not encompassed by condition (8) requiring the probationer to comply with all instructions given by his officer."); Paterson v. State, 612 So. 2d 692, 694 (Fla. 1st DCA 1993) ("The condition that appellant comply with all instructions the probation officer may give him is also insufficient to support a violation of probation for failure to follow an instruction by the probation officer to submit to

urinalysis when such testing was not ordered by the trial judge."). However, the probation officer may impose reasonable, necessary procedures and directions for implementing the court-imposed provisions. Odom, 15 So. 3d at 681.

The probation officer's instruction to provide a HIPPA release was a new requirement calling for the release of private medical information, and the State failed to establish that this instruction was reasonable and necessary for implementing a court-imposed condition. We conclude that this requirement constituted a new condition imposed by the probation officer. Accordingly, the trial court erred in finding a violation of this condition.

Finally, the affidavit alleges that Mr. Marchan failed to truthfully answer his probation officer's inquiry regarding anger management. There was no testimony as to what the allegedly untruthful statement was, and the probation officer to whom Mr. Marchan allegedly made an untruthful statement did not testify at the hearing. Accordingly, this violation is not supported by competent substantial evidence and must be stricken.

### III. CONCLUSION

In summary, we find that multiple violations were not based on competent substantial evidence and reverse as to those grounds. However, we conclude that the State did present sufficient evidence to support the remaining violations found by the trial court, including failure to complete an anger management program, several violations for failures to report to his probation officer, and a special condition violation prohibiting contact with the victim of the underlying criminal mischief offense.

A trial court may revoke a defendant's probation based on a single VOP. However, we will affirm a revocation of

probation based on both proper and improper grounds only when it is clear from the record that the trial court would have revoked the defendant's probation absent the improper grounds.  When we cannot determine whether the trial court would have revoked the defendant's probation based solely on the proper grounds, we must reverse and remand the matter to the trial court for reconsideration.

Crapps v. State, 155 So. 3d 1242, 1247 (Fla. 4th DCA 2015) (citations omitted).

We are unable to determine whether the trial court would have revoked Mr. Marchan's probation absent the improper grounds.  Thus, we reverse the revocation order and remand to the trial court for reconsideration.  If the court determines that the remaining violations justify the revocation, the trial court shall enter an order specifying the conditions violated, consistent with this opinion, and correcting the error raised in Mr. Marchan's rule 3.800(b)(2) motion.

Affirmed in part; reversed in part; remanded with directions.


MORRIS and LUCAS, JJ., Concur.