IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


PRENTICE STRINGFIELD,

      Appellant,

 v.                             Case No.  5D17-2798

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Osceola County,
Dan Traver, Judge.

James S. Purdy, Public Defender, and
Alexandra K. Galvin, and Edward J. Weiss,
Assistant Public Defenders, Daytona
Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison L. Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Prentice Stringfield appeals the orders revoking his probation and sentencing him

to fifteen years in prison.  The trial court revoked Appellant's probation upon finding that

he committed a new law violation by driving a motor vehicle while his license was

suspended.  Because there was no evidence that Appellant knowingly drove with a

suspended or revoked license in violation of and as defined by section 322.34, Florida Statutes (2017), we find that the State failed to prove a willful, substantial violation of probation. Accordingly, we reverse and remand with instructions to reinstate Appellant's probation.

"A violation of probation must be both willful and substantial before a defendant's probation may be revoked," and "the state must establish a willful and substantial violation by the greater weight of the evidence." *Stanley v. State*, 922 So. 2d 411, 413–14 (Fla. 5th DCA 2006). A lower court's finding of a willful and substantial violation of probation must be supported by competent, substantial evidence. *Knight v. State*, 187 So. 3d 307, 310 (Fla. 5th DCA 2016). To prove the crime of driving with a suspended license, the State must establish three elements: (1) the defendant's driver's license was suspended at the relevant time, (2) the defendant's knowledge of the license suspension, and (3) the defendant was actually driving. *Prater v. State*, 161 So. 3d 489, 491 (Fla. 5th DCA 2014).

While the State proved the first and third elements, it failed to prove Appellant's knowledge of the license suspension. "The element of knowledge is satisfied if the person has been previously cited . . . or the person admits to knowledge of the cancellation, suspension, or revocation; or the person received notice . . . ." § 322.34(2), Fla. Stat. (2017). The State does not argue that Appellant was previously cited or that he admitted to knowledge. The State hypothesized that Appellant should have been notified of the suspension in one of several ways; however, it failed to offer competent, substantial evidence that notice was provided through any of the means suggested by the State. Thus, the State failed to prove Appellant's knowledge of the license suspension, and, consequently, failed to establish a new law violation. Therefore, the lower court erred in

2

revoking Appellant's probation. We reverse and remand with instructions for the lower court to restore Appellant to probation.

REVERSED AND REMANDED WITH INSTRUCTIONS.

EVANDER, LAMBERT and EDWARDS, JJ., concur.