NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OCIE DEMITRIUS DAVIS, JR.,    )
    )
       Appellant,    )
    )
v.    )    Case No. 2D17-4460
    )
STATE OF FLORIDA,    )
    )
       Appellee.    )
_____)

Opinion filed July 17, 2019.

Appeal from the Circuit Court for Manatee
County, Hunter W. Carroll, Judge.

Howard L. Dimmig, II, Public Defender, and
Rachel Roebuck, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Marlon J. Weiss,
Assistant Attorney General, Miami, for
Appellee.


NORTHCUTT, Judge.

       Ocie Demitrius Davis, Jr., appeals from sentences imposed in six cases

following the revocation of his probation. The State concedes that the circuit court erred

in finding that Davis willfully violated probation by changing his residence without first

obtaining the consent of his probation officer when, shortly after his release from jail, he

learned that he would not be permitted to live at his approved residence and was forced into temporary homelessness.[1]  We accept the State's concession of error.  See Bravo v. State, 268 So. 3d 193, 196 (Fla. 2d DCA 2018) (holding that when a probationer is forced to leave his or her approved residence with little notice and through no fault of his or her own, the failure to obtain permission before moving does not constitute a willful violation of probation); Soto v. State, 727 So. 2d 1044, 1046 (Fla. 2d DCA 1999) (holding that a probationer's leaving his approved residence without permission did not constitute a willful violation of probation when he learned upon his arrival that staying at his approved residence would violate his probation).  Accordingly, we reverse the order revoking Davis's probation and remand for the circuit court to vacate his sentences and reinstate his probation.

Reversed and remanded.


LUCAS and BADALAMENTI , JJ., Concur.

---

[1]The State also concedes that the circuit court erred in concluding that Davis presented a danger to the community under section 948.06, Florida Statutes (2017), because the court considered impermissible factors in making its danger determination.  Having accepted the State's concession that the circuit court erred when finding that Davis willfully violated his probation, we need not reach this issue.