# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2023-2205
LT Case No. 2022-MM-020388-A
_____

FELIX JONATHAN DEL CORRAL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the County Court for Duval County.
Kristen Brooke Stephens Brady, Judge.

Charlie Cofer, Public Defender, and Elizabeth Hogan Webb,
Assistant Public Defender, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Ryan Roy, Assistant
Attorney General, Tallahassee, for Appellee.

December 6, 2024

KILBANE, J.

Felix Jonathan Del Corral appeals an order of the trial court
revoking his probation. On appeal, he argues that the trial court
abused its discretion when it revoked probation for failing to report
within 72 hours, failing to enroll and complete a batterer's
intervention program ("BIP"), failing to enroll and complete
substance abuse treatment, and failing to pay fees because the

State failed to prove a willful and substantial violation by a greater weight of the evidence. Del Corral has not preserved his claims of error regarding BIP and substance abuse treatment. However, we agree that the State failed to prove violations for failing to report within 72 hours and for failing to pay fees and reverse.

## Facts

On February 1, 2023, Del Corral was placed on misdemeanor probation for battery as an act of domestic violence. At the plea hearing, the trial court placed Del Corral on misdemeanor probation for twelve (12) months and explained the special conditions of probation including the requirement to complete BIP, complete a substance abuse evaluation and any follow up treatment, have no contact with the victim, and pay court costs. The probation order reflected these additional probation requirements. The order of probation also contained "Initial reporting instructions for probationer." It stated, "Report within 72 hours to Community Transition Center (451 N. Catherine Street)."

The State subsequently filed a memorandum alleging Del Corral violated his probation and requested a rule to show cause. The State alleged the following violations:

- Failed to report to probation within 72 hours of court date and for scheduled appointment on 2-15-2023.

- Has paid $0 in probation fees. As of 2-15-2023, is in arrears $60.

- Failed to show proof of enrolling in and completing the Salvation Army Batterers Intervention Program. Defendant has attended 0 out of 24 classes.

- Failed to show proof of enrolling in and completing a substance abuse evaluation with follow-up treatment.

The trial court issued a rule to show cause for the alleged violations of probation.

On May 23, 2023, the trial court held a violation of probation hearing. At the hearing, Del Corral's assigned probation officer, Yesenia Vincente, testified on behalf of the State. She testified she had not met with Del Corral since he had been placed on probation. However, Vincente also testified that the address listed on the probation order, 451 N. Catherine Street, was incorrect. At the time the probation order was entered, her office was located at 1024 Superior Street.

Del Corral testified he made multiple attempts to report to probation within 72 hours. Upon his release from custody, he immediately went to 451 N. Catherine Street, but it was closed for the evening. The next day he went back to 451 N. Catherine Street and learned it was the incorrect address. An unknown person at 451 N. Catherine Street provided Del Corral a new address, and he attempted to report there as well. When Del Corral arrived at the new location, however, the office was closed.

When his attempts to report to probation bore no fruit, Del Corral explained he called every probation officer on the pre-set voicemail list–because he did not know which one was his probation officer–and left messages. For every probation officer, he said the same thing, "My name is Felix Del Corral. I am looking for further instruction on what to do." His voicemails were not returned. However, Vincente testified she did not receive any voicemail. Del Corral made no further attempts to report to probation and testified that "I just couldn't get the information I needed, and then at the 72 mark I was just afraid that they would just rearrest me as it says on the paper."

Del Corral argued that his failure to report within 72 hours was not a willful or substantial violation. However, Del Corral made no such argument with regard to the failure to enroll in and complete BIP and substance abuse treatment. Instead, he asked the trial court not to violate him because he had already been sanctioned for failing to meet those requirements in a separate case. Furthermore, although the State alleged failure to pay fees, the failure to pay was not discussed at the hearing.

The trial court orally found that Del Corral violated his probation for failing to report within 72 hours, failing to enroll and complete BIP, failing to enroll and complete substance abuse

treatment, and failing to pay fees. However, the written order of revocation only contained the first three violations; it did not include failure to pay fees.

<u>Analysis</u>

An order revoking probation is reviewed for abuse of discretion. *Johnson v. State*, 890 So. 2d 490, 493 (Fla. 5th DCA 2004) (citing *Steiner v. State*, 604 So. 2d 1265 (Fla. 4th DCA 1992)).

"'A violation of probation must be both willful and substantial before a defendant's probation may be revoked,' and 'the state must establish a willful and substantial violation by the greater weight of the evidence.'" *Stringfield v. State*, 254 So. 3d 1127, 1127 (Fla. 5th DCA 2018) (quoting *Stanley v. State*, 922 So. 2d 411, 413–14 (Fla. 5th DCA 2006)). "Trial courts must consider each violation on a case-by-case basis for a determination of *whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence.*" *Demott v. State*, 194 So. 3d 335, 339 (Fla. 2016) (quoting *State v. Carter*, 835 So. 2d 259, 261 (Fla. 2002)).

Here, the probation order instructed Del Corral to report to 451 N. Catherine Street within 72 hours. Del Corral did so on two separate occasions only to find that he was provided the incorrect address. He then attempted to report to a second location, but the office was closed. "A defendant's failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply, and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance." *Marchan v. State*, 192 So. 3d 658, 660 (Fla. 2d DCA 2016) (quoting *Soto v. State*, 727 So. 2d 1044, 1046 (Fla. 2d DCA 1999)). Because Del Corral made multiple good faith attempts to comply with the initial reporting requirement and his failure to report was due to a mistake on the probation order, he did not commit a willful violation.[1]

---

[1] The State responds that Del Corral learned the correct address and willfully chose to stop attempting to report to probation because he was afraid of being rearrested. This is of little significance as it relates to the initial reporting requirement

4

The argument made on appeal that the State failed to prove a willful and substantial violation for the BIP and substance abuse treatment requirements was not made at the hearing, nor has Del Corral argued or demonstrated fundamental error. *See Wheeler v. State*, 87 So. 3d 5, 6 (Fla. 5th DCA 2012) (en banc). Accordingly, these claims of error are waived. *See Keech v. Yousef*, 815 So. 2d 718, 720 (Fla. 5th DCA 2002) ("The failure to preserve an issue for appellate review constitutes a waiver of the right to seek reversal based on that error.").

However, Del Corral did sufficiently argue fundamental error on the issue of fees as he discussed *Del Valle v. State*, 80 So. 3d 999 (Fla. 2011). In *Del Valle*, the Florida Supreme Court made clear what must be presented when failure to pay fees is alleged:

> [W]e conclude that, as held by this Court in *Stephens* [*v. State*, 630 So. 2d 1090 (Fla. 1994)] and the United States Supreme Court in *Bearden* [*v. Georgia*, 461 U.S. 660 (1983)], before a probationer can be imprisoned for failure to pay a monetary obligation such as restitution, the trial court must inquire into a probationer's ability to pay and make an explicit finding of willfulness based on the greater weight of the evidence. Further, in all probation revocation proceedings in which the violation alleged is a failure to pay a monetary obligation as a condition of the probation, we hold that the State must present sufficient evidence of the probationer's willfulness, which includes evidence on ability to pay, to support the trial court's finding of willfulness.

*Id.* at 1015. "The failure to comport with these requirements constitutes fundamental error." *Id.* at 1011. Here, the trial court orally stated Del Corral violated his probation for failing to pay fees without any evidence being presented on that issue. To the

---

under the circumstances. Instead, Del Corral's decision to stop attempting to report to probation would have been relevant to the alleged missed appointment on February 15, 2023. However, the State presented no evidence at the hearing that Del Corral had an appointment scheduled for February 15 or that he missed said appointment.

5

extent the oral pronouncement controls, *see, e.g.*, *Gonzalez v. State*, 849 So. 2d 1112, 1113 (Fla. 5th DCA 2003) (explaining oral pronouncement of sentence controls); *Laffitte v. State*, 16 So. 3d 315, 316 (Fla. 3d DCA 2009) ("A written order of probation revocation must conform to the court's oral pronouncement at a defendant's probation revocation hearing." (citing *Salvatierra v. State*, 691 So. 2d 32 (Fla. 3d DCA 1997))), the oral pronouncement constituted fundamental error because it was unsupported.

## Conclusion

The State failed to establish violations for failing to report to probation within 72 hours and for failing to pay fees, and the trial court erred when it revoked Del Corral's probation on those grounds. Accordingly, we reverse and remand for correction of the written order of revocation.[2]

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

MACIVER, J., concurs.
LAMBERT, J., concurs with opinion.

---

[2] Remand for resentencing is unnecessary here as our record indicates Del Corral served his jail sentence.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

LAMBERT, J., concurring with opinion.

I concur with the majority opinion but write briefly to provide two observations.

The trial court determined that Del Corral had willfully violated the conditions of probation that required him to enroll in and complete the Salvation Army Batterers Intervention Program and to undergo a substance abuse evaluation and complete follow-up treatment, if any. There was no factual dispute that Del Corral had failed to enroll in the Batterers Intervention Program or participate in a substance abuse evaluation. Del Corral's argument to the trial court in response to the State's assertion that these two violations were willful and material was that he had just been sanctioned days earlier by a trial judge in a separate case involving the same victim for not complying with these same conditions and that a further sanction here would violate the constitutional prohibition against double jeopardy. This is not the argument Del Corral makes on appeal for reversal, nor was the argument that he does make here raised below.

I also agree with the majority's reversal of the trial court's findings that Del Corral willfully failed to pay his "probation fees" and failed to timely report to probation, and that a remand is necessary for the entry of a corrected order of revocation of probation. Typically, when it is not clear from the record whether the trial court would have imposed the same sentence based on the remaining probation violations, we would also remand for resentencing. *See Johnson v. State*, 890 So. 2d 490, 493 (Fla. 5th DCA 2004). Here, though, the trial court revoked Del Corral's probation, sentenced him to serve nine months in jail, with eighty-seven days of jail credit awarded, with no probation to follow; and Del Corral was remanded to custody. Our record does not show that he sought post-trial release pending appeal. By the time Del Corral's initial brief was filed in this appeal, he had fully served his sentence, making resentencing unnecessary, as correctly noted in the majority opinion.

8