780 So.2d 1043 (2001)
Edward WALTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1698.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm an order revoking Walton's probation. There is evidence in the record supporting a finding that he willfully violated a substantial condition of probation by failing to truthfully answer questions directed to him by his probation officer.
Walton's probation officer instructed that he must respond truthfully to any of his questions and asked him if he was currently on any other form of supervision. Walton responded that he was on misdemeanor probation for a DUI. The probation officer also asked if he was on parole, and Walton responded that he had been on parole but had completed that parole and was not currently on parole. Walton did, however, report that he had used an alias. It was later learned that Walton was on life parole in New York for armed robbery under the alias name. There was also evidence that when his parole was transferred here, Walton did not advise his parole office of his true identity, nor did he advise the parole officer of his arrest in this case.
*1044 In finding a willful violation, the court said:
He has, in fact, violated, the violation is willful, it is in fact substantial. The people of the State of Florida have an interest in knowing when people are on parole from other jurisdictions, particularly life felonies and we shall find the gentleman guilty of ... failing to truthfully respond to the question as put forth.
In Lopez v. State, 722 So.2d 936 (Fla. 4th DCA 1998), this court concluded that where the appellant was untruthful regarding his employment and his reasons for leaving his residence, the finding of willful and substantial violation of conditions of community control was supported by the record. In Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988), where the probationer lied to the probation officer about his true name and prior criminal record, the court held that the violation was not trivial, as argued by the appellant, but "constituted a `substantial' violation" of the condition of probation. Id.
The trial judge's ruling that the violation was willful was supported by the record. The question of willfulness, as any intent issue, is generally proven by means of circumstantial evidence. See King v. State, 545 So.2d 375 (Fla. 4th DCA 1989). Here, in addition to his failure to truthfully answer the probation officer's inquiry, Walton also hid his true identity and arrest from his parole officer, further showing that he willfully kept the fact of his parole from his probation officer in this case.
As to the other arguments asserted, we also find no abuse of discretion.
DELL and KLEIN, JJ., concur.