PALMER, J.
Richard Lowe (defendant) appeals his judgment and sentence which were entered by the trial court after he was found guilty of violating his probation. Finding no reversible error, we affirm.
The State charged the defendant with violating his probation by engaging in a verbal and physical altercation with his girlfriend and by testing positive for cocaine. At the VOP hearing, the victim of the physical altercation testified that the defendant punched her in the face. The trial court found a violation of the condition of defendant’s probation which required that he “live without violating any law.” The defendant does not challenge that finding on appeal.
However, the trial court also found that the defendant violated the condition of his probation which directed him not to use drugs, based upon evidence that his urine tested positive for cocaine. The defendant argues that this finding should be reversed because the lab report which was relied upon to sustain the State’s burden of proving that the defendant’s urine tested positive for cocaine was insufficient, as a matter of law, to prove a violation since the report constituted uncorroborated hearsay evidence. However, the defendant acknowledges that no objection was made in the trial court regarding the sufficiency of the evidence or the admissibility of the lab report. As the First District held when presented with the same factual situation in Headley v. State, 770 So.2d 1244 (Fla. 1st DCA 2000):
We affirm the conviction entered by the trial court. The trial court based the conviction for violation of probation solely on hearsay testimony. Ordinarily, hearsay testimony, by itself, is legally insufficient to support such a finding. See Soto v. State, 727 So.2d 1044, 1046 (Fla. 2d DCA 1999). However, because defense counsel failed to object to the introduction of that testimony or present any argument whatsoever to the trial court challenging the sufficiency of the hearsay testimony, the issue was not preserved for appellate review.

Id.

AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.