979 So.2d 1228 (2008)
William YERRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-260.
District Court of Appeal of Florida, Fourth District.
April 30, 2008.
*1229 Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
In 2001, William Yerrick was placed on probation after pleading no contest to grand theft. Yerrick twice violated the conditions of his probation and his probation was extended. In June of 2006, the State filed a third affidavit of violation, alleging Yerrick had violated the conditions of his probation by failing to report to his probation officer as instructed (count I); changing his residence without the consent of his probation officer (count II); failing to pay the costs of supervision (count III); failing to pay court costs (count IV); failing to pay court-ordered restitution (count V); committing the offense of exploitation of the elderly on October 3, 2006 (count VI); committing the offense of grand theft on September 30, 2004 (count VII); and committing the offense of unlicensed contracting on September 30, 2004 (count VIII). Following a hearing, the trial court found that the violations charged in counts III, IV and V were not proven. The court found that the State adequately proved the violations charged in counts I, II, VI, VII and VIII, revoked Yerrick's probation, and sentenced him to fifty months incarceration for the underlying grand theft charge. Yerrick contends the State's evidence was not sufficient to establish the violations charged in counts I, II, VI and VII; he does not raise any issue concerning the violation charged in count VIII. Because we find merit in Yerrick's claims concerning counts II and VII, we reverse and remand for re-sentencing.
Counts I & II
In a violation of probation case, "[t]he state has the burden of proving by the greater weight of the evidence that a violation of probation is willful and substantial" and "[w]hile hearsay evidence is admissible in probation revocation proceedings, probation cannot be revoked based solely on hearsay evidence." Ratliff v. State, 970 So.2d 939, 941 (Fla. 4th DCA 2008). Yerrick argues that the sole evidence offered to support the violations charged in counts I and II was hearsay and, thus, that his probation could not properly have been revoked as a consequence of the conduct charged in those counts. Yerrick's challenge to count I was not preserved for appeal because, at the hearing below, counsel argued only that the State had failed to prove any failure to report was intentional. See Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002) (refusing to consider claim that alleged violation was reversible as it was predicated *1230 solely upon hearsay where such argument was not advanced below); see also Lowe v. State, 901 So.2d 422 (Fla. 5th DCA 2005); Headley v. State, 770 So.2d 1244 (Fla. 1st DCA 2000).
Counsel did, however, preserve such a claim with respect to count II, changing residence without the consent of probation officer. By the time of the violation of probation hearing, Yerrick's probation officer had retired. Thus, to prove the violation, the State called another probation officer. With respect to count II, this successor probation officer's testimony was limited to stating that Yerrick's probation file reflected that Detective Acosta went to Yerrick's approved residence on June 26, 2006, and was told by Yerrick's wife that Yerrick had not lived there for some months. The probation file itself was not admitted into evidence. Yerrick's wife testified at the hearing, insisting her husband lived at the residence until the time of his arrest. She acknowledged Detective Acosta had come to the home looking for her husband, although not on June 26th, and testified she had told him only that her husband was not home at the time. The only portion of the successor probation officer's testimony that was corroborated by non-hearsay was the fact that Detective Acosta went to Yerrick's home and spoke to his wife. There was, however, no non-hearsay evidence to corroborate the successor probation officer's bare testimony that the file reflected that Yerrick's wife told Detective Acosta that Yerrick did not live at the home. The evidence of the conduct charged in count II was thus insufficient. See Combs v. State, 351 So.2d 1103, 1103 (Fla. 4th DCA 1977) ("The rule requiring more than hearsay to establish a violation of probation requires other evidence of the defendant's misconduct, not just other evidence.").
Counts VI and VII
Counts VI and VII charged that Yerrick violated the terms of his probation by committing the crimes of exploitation of the elderly and grand theft. Both offenses require that the State prove Yerrick intended to temporarily or permanently deprive the victim of the property. See §§ 812.014(1)(a), 825.103, Fla. Stat. (2004). Yerrick argues the State's evidence failed to establish that he had such intent and, more specifically, that he had such intent at the time of the taking.
We first address count VII, which charged that Yerrick violated his probation by committing the offense of grand theft. As asserted by Yerrick, Florida law provides that to prove the crime of grand theft, the State must establish the defendant had the requisite criminal intent at the time of the taking. See, e.g., Stramaglia v. State, 603 So.2d 536, 538 (Fla. 4th DCA 1992) (stating that "a necessary element of theft under Florida law is that the defendant must have the specific intent to commit the theft at the time of, or prior to, the commission of the act of taking"); see also McGeough v. State, 766 So.2d 454, 455 (Fla. 4th DCA 2000); Adams v. State, 443 So.2d 1003, 1006 (Fla. 2d DCA 1983). The decision in Crawford v. State, 453 So.2d 1139 (Fla. 2d DCA 1984), is illustrative. There, the defendant was charged with, and convicted of, grand theft. The evidence at trial established the defendant agreed to fix Ritter's roof for $400, inclusive of labor and materials. Id. at 1140. Ritter gave the defendant $240 to purchase materials and testified that she assumed he would start the job the following day. The next day the defendant did indeed return to Ritter's home with a helper and a single bucket of tar. The defendant told Ritter he had bought materials in Tampa, but they had not yet been delivered. Ritter became angry, fired the defendant, *1231 and asked for the return of her money. The defendant promised to do so the next evening. The defendant repeatedly failed to return the money as promised. Ultimately, the defendant admitted to police he had used the money to buy food for his family. The Second District held that, on this evidence, the defendant's motion for judgment of acquittal should have been granted as the evidence was insufficient to establish that the defendant did not intend to perform the contract when he entered into it and accepted the deposit. Rather, to the contrary, the evidence that the defendant returned the next day with a helper negated such intent. Id. at 1142; see also Benitez v. State, 852 So.2d 386 (Fla. 3d DCA 2003).
In this case, at the violation of probation hearing, Rolf Arp testified that, in August 2004, Yerrick gave him an estimate to repair a fence and he sent this estimate to his insurance company. According to Arp, after receiving a $2,160 check from his insurance company made payable to himself and Yerrick's company, he endorsed the check over to Yerrick. Arp characterized the amount as a "deposit" on the work. Arp testified that, about a week later, Yerrick assured him the fence would be complete when he returned from vacation. Yerrick did, in fact, remove the old fence. By January 2005, however, he still had not installed the new fence. Initially, when Arp called, Yerrick insisted he would be there tomorrow. Eventually, though, Yerrick stopped returning Arp's calls. We acknowledge the instant case involves a violation of probation and therefore a lesser standard of proof, but nonetheless find Crawford instructive and agree with Yerrick's claim that such evidence fails to establish he had the requisite criminal intent at the time he accepted the $2,160.
We reject, though, Yerrick's argument that the evidence was insufficient to sustain a revocation for the conduct charged in count VI, exploitation of the elderly. Yerrick argues that, as is the case with grand theft, in order to prove such an offense, the State must prove the defendant had the intent at the time of the taking. Accepting Yerrick's assertion as true, we nevertheless find that the evidence was sufficient to prove the conduct charged and to sustain a revocation of probation. Evidence at trial established (1) that, in September of 2005, eighty-five-year-old Mae Zerbe paid Yerrick $2,200 to put hurricane shutters on her home; (2) that, after she paid Yerrick, Zerbe did not see or hear from Yerrick again; (3) that, at the time of Yerrick's October 2006 arrest, nearly a year after taking Zerbe's money, he still had performed no work; and (4) that, in Broward County, a contractor's license is required to install hurricane shutters and the defendant is not a Broward County licensed contractor. While Yerrick testified to a contrary version of events, claiming the money was only a deposit, he had, in fact, purchased the shutters, and then Zerbe was unable to pay the remainder of the agreed-upon price, the trial court specifically found him not credible. Credibility determinations are for the trial court and we find the circumstantial evidence before the trial court was sufficient to permit it to find the requisite intent. See Kaduk v. State, 959 So.2d 817, 820 (Fla. 4th DCA 2007) ("The trial court is in the best position to evaluate the credibility of witnesses and an appellate court must give great deference to the findings of the trial court."); Walton v. State, 780 So.2d 1043, 1044 (Fla. 4th DCA 2001) (recognizing intent is ordinarily established by circumstantial evidence).
Thus, for the reasons discussed, we hold that Yerrick's probation was properly revoked only on the basis of counts I (failure to report), VI (exploitation of the elderly), *1232 and VIII (unlicensed contracting-not challenged in this appeal). The record on appeal reflects the trial court was particularly concerned with count VI charging exploitation of the elderly, which we have affirmed on appeal. We thus feel confident the trial court would have revoked Yerrick's probation based solely on the three violations sustained by the evidence, i.e., failure to report as instructed, exploitation of the elderly, and unlicensed contracting. We cannot confidently say, though, that the trial court would necessarily have imposed the same sentence. We thus remand the case to the trial court for reconsideration of the sentence imposed. See, e.g., Cobham v. State, 736 So.2d 67 (Fla. 4th DCA 1999) (affirming revocation of community control based upon two of the several grounds found by the trial court and remanding for reconsideration of sentence).
Affirmed in part, Reversed in part and Remanded.
KLEIN and TAYLOR, JJ., concur.