CASANUEVA, Judge.
Marvin N. Frazier appeals his judgment and sentence for grand theft following a bench trial. The charge arose out of the nonperformance of a contract to remodel a duplex owned by Mohamed Nazir. We reverse because the State did not prove the element of intent and was improperly allowed to rely on the statutory inference of intent provided in section 489.126, Florida Statutes (2008).

FACTS

Mr. Nazir entered into a contract with Mr. Frazier, in which Mr. Frazier agreed to perform work on Mr. Nazir’s duplex in exchange for $20,000. They signed the contract on October 21, 2008, and the following day Mr. Nazir paid $8,000 to Mr. Frazier as a down payment. Mr. Nazir testified that Mr. Frazier performed work on the property on October 23, 24, and 25, but claimed that Mr. Frazier stopped working on the property after that time.
William Nolen, a building official for the City of Haines City (“the City”), testified that on October 22, Mr. Frazier’s company submitted an application for a permit to make repairs to the property. However, the City did not issue the permit because the application did not include all of the work required to bring the duplex in compliance with the City’s building code.
Douglas Tertenning, a building inspector for the City, observed the work being done at Mr. Nazir’s property and concluded that a permit was required to perform the work. There was no permit posted on the property, and he therefore placed a stop work order on the property.
Mr. Frazier asked Kenneth Ledoux, an architectural designer, to complete plans for repairs at the duplex. Mr. Frazier showed him pictures of the two-story structure and first asked him to complete drawings for an exterior stairwell. Mr. Ledoux charged about $350 for the work, and Mr. Frazier paid him around November 24, 2008. Thereafter, Mr. Frazier contacted him again and told him that the City determined that more structural work had to be done on the building.
Mr. Ledoux went to the property with Mr. Nolen, and they both agreed that it needed a large amount of structural work. Thereafter, Messrs. Nolen, Frazier, Nazir, and Ledoux met to discuss the options for the property and the difference between the cost to repair the duplex and the cost to tear it down and build a new structure. *463 The City required that the structure be remodeled in compliance with the current building code. However, if the current structure were torn down, any new structure would have to comply with new zoning ordinances and could not be a duplex. After considering the options, Mr. Nazir decided to continue remodeling the current duplex. According to Mr. Nolen, the City required structural plans for the remodeling of the duplex before it would approve the building permit.
On December 18, Mr. Nazir gave Mr. Frazier an additional $2,000 to obtain the required structural plans for the duplex. Mr. Frazier asked Mr. Ledoux to complete a set of drawings for the remodeling of the duplex and paid him $700 as a deposit for these plans. The invoice for the plans is dated January 23, 2009. Mr. Ledoux completed plans for repairs to the existing structure, but Mr. Frazier never paid the balance due, $1,488.50, and he never picked up the plans. Within the following four to six weeks, Mr. Frazier called him and said that the owner had decided not to proceed with the project. Mr. Nazir testified that he never asked Mr. Frazier to stop working on the project.

ANALYSIS

A person commits theft when he knowingly obtains the property of another person with the intent to permanently or temporarily deprive the other person of a right to the property or a benefit from the property. § 812.014(l)(a), Fla. Stat. (2008). This includes “[obtaining property by fraud, willful misrepresentation of a future act, or false promise.” § 812.012(3)(c).
Even though a promise to perform in the future may serve as the basis of a theft, a necessary element of theft under Florida law is that the defendant must have the specific intent to commit the theft at the time of, or prior to, the commission of the act of taking.
Stramaglia v. State, 603 So.2d 536, 537-38 (Fla. 4th DCA 1992).
Generally, courts have held that broken promises of performance do not establish the requisite criminal intent to prove grand theft where the breach of performance occurs subsequent to the claimed taking. This court considered an analogous factual situation in Crawford v. State, 453 So.2d 1139 (Fla. 2d DCA 1984). In Crawford, the appellant agreed to repair the victim’s roof and received $240 to purchase materials for the repair. Id. at 1140. The next day, the appellant and his helper arrived at the home with only a bucket of tar. The victim became upset because the appellant had not purchased the other materials and fired him. Although the appellant agreed to return the victim’s money, he failed to do so. This court held that the appellant was improperly convicted of theft because the evidence was insufficient to show that he “did not intend to perform the contract when he entered into it.” Id. at 1142. It concluded that the appellant’s “showing up with a helper the day after he received a down payment negate[d] the criminal intent of theft by larceny or false pretenses” and noted that “this appears to be a civil rather than a criminal issue.” Id.
The First and Fourth Districts recently addressed similar cases involving the nonperformance of construction contracts. In each instance, the court concluded that the evidence adduced at trial was insufficient to prove the crime of theft. In Segal v. State, 98 So.3d 739 (Fla. 4th DCA 2012), the criminal charge arose from the nonperformance of a contract to construct kitchen cabinets. The Fourth District concluded that, like Crawford, the State “failed to prove felonious intent.” 98 So.3d at 744.
*464 Its evidence was .not inconsistent with appellant’s hypothesis that this was simply a contractual undertaking which he failed to perform — a civil matter. The appellant had a legitimate business constructing cabinetry. He advertised for business. The homeowner saw his work space and his equipment. They entered into a written contract to construct the kitchen using thirty-inch cabinets after considerable negotiation. After the signing of the contract, even the state’s evidence showed that materials were purchased at Lowe’s, and that the appellant made several rental payments on his work space where the cabinets would be constructed, essential to the performance of the contract. The appellant also came out after the signing of the contract to measure for the cabinets. Thus, he did make efforts to perform the contract. The state presented no evidence of any willful misrepresentations to induce the homeowner to sign the contract.
Id. at 744-45.
Similarly, Huggins v. State, - So.3d -, 2012 WL 4465235, 37 Fla. L. Weekly D2292 (Fla. 1st DCA Sept.28, 2012), involved the failure to complete work on a roof. There, the First District concluded that “the State failed to present any evidence to establish that [a]ppellant possessed the requisite intent to commit grand theft when he accepted the two checks from the homeowners.” Id. at —-—, D2293. The court noted that the appellant had purchased roofing materials and had begun working on the roof. Id. Similar to the present case, a county inspector issued a cease and desist order after determining that no permits had been obtained for the roof repairs. Id. Like Crawford and Segal, the First District concluded that the appellant’s motion for judgment of acquittal should have been granted. Id. at —-—, D2294; see also Yerrick v. State, 979 So.2d 1228, 1231 (Fla. 4th DCA 2008) (holding that evidence did not establish that appellant had criminal intent at time he took money as a deposit to repair fence where he removed old fence but never installed new fence and eventually stopped returning victim’s phone calls).
As in these cases, we conclude that the State’s evidence of intent here was legally insufficient. The contract between Mr. Nazir and Mr. Frazier was signed on October 21, 2008, and Mr. Frazier paid $8,000 as a down payment. All of the witnesses who visited the property confirmed that Mr. Frazier performed work on the duplex. Mr. Frazier also applied for a building permit on October 22, but the permit was denied because the proposed repairs did not include everything the duplex required to bring it in compliance with the City’s building code. Thereafter, the City placed a stop work order on the property.
In November 2008, Mr. Frazier met with Mr. Nazir, Mr. Ledoux, and Mr. No-len to discuss the options for the duplex. In addition, Mr. Frazier paid Mr. Ledoux $350 to complete one set of plans for repairs at the duplex, and after Mr. Frazier received the second check from Mr. Nazir, he gave Mr. Ledoux a deposit to complete a second set of plans for the duplex. At trial, Mr. Frazier also presented testimony that he paid laborers to complete work at the property. Therefore, it was clear that after Mr., Frazier received both checks from Mr. Nazir, he continued to take steps necessary to remodel the duplex. This evidence was therefore insufficient to establish that he had the specific intent to commit a theft at the time he received the checks. See Crawford, 453 So.2d at 1142.
In lieu of evidence of intent, the State contends that the inference of intent *465 to defraud afforded by section 489.126(3)(b) precluded the entry of a judgment of acquittal. To be entitled to the statutory inference, the State must establish several factual predicates. One predicate is the “mailing of notification.” § 489.126(3)(b)(3). The statute requires that such notification be mailed by
certified letter, return receipt requested, mailed to the address of the contractor as listed in the written contracting agreement. The letter must indicate that the contractor has failed to perform any work for a 60-day period, that the failure to perform the work was not the result of the owner’s termination of the contract or a material breach of the contract by the owner, and that the contractor must recommence construction within 30 days after the date of mailing of the letter.
§ 489.126(3)(c).
Although Mr. Nazir attempted to comply with the statute, it is undisputed that the notification he mailed did not use “the address of the contractor as listed in the written contracting agreement.” The address on the written contracting agreement is “117 U.S. Hwy 17-92 # 31 Haines City.” However, Mr. Nazir mailed the notification to “11745 Highway 17-92 Haines City.” Because the letter was not correctly directed to Mr. Frazier’s address, it did not comply with section 489.126(3)(c). Therefore, the State may not rely on the statute’s inference that the money was taken with the intent to defraud Mr. Nazir.

CONCLUSION

Mr. Frazier’s motion for judgment of acquittal should have been granted because the evidence was legally insufficient to establish the element of intent. We reverse Mr. Frazier’s conviction and sentence for grand theft and on remand direct that he be discharged.
CRENSHAW and SLEET, JJ„ Concur.