WHATLEY, Judge.
J.W.S. appeals his adjudication of delinquency for criminal mischief. It was alleged that he willfully damaged a fence on Januaiy 23, 2004. We reverse because there was no evidence that J.W.S. caused damage to the fence on the day in question.
*1277 The manager of the Carr Mobile Home Park testified that on January 23, 2004, she saw J.W.S. go over a fence that surrounds the park. The fence is a six-foot-high chainlink fence. The manager testified, “They continuously pulled the fence down so that they wouldn’t have to climb it. They could just push it down and step over the top of it.” However, the manager testified that the fence was already damaged before J.W.S. climbed over it on that date, and there was no evidence that J.W.S.’s actions on that day caused additional damage to the fence.
A person may be found guilty of criminal mischief “if he or she willfully and maliciously injures or damages by any means any real or personal property belonging to another, including, but not limited to, the placement of graffiti thereon or other acts of vandalism thereto.” § 806.13(1)(a), Fla. Stat. (2003). A criminal mischief charge should be dismissed where there is no evidence of damage to the property at issue. C.B. v. State, 721 So.2d 785 (Fla. 3d DCA 1998); see also N.R. v. State, 452 So.2d 1052 (Fla. 3d DCA 1984) (holding that damage to property is an element of the criminal mischief statute). In the present case, the trial court erred in denying J.W.S.’s motion for judgment of dismissal, because there was no evidence that J.W.S. caused damage to the fence on the date alleged.
Accordingly, we reverse J.W.S.’s adjudication of delinquency and remand this case for the trial court to discharge him on the criminal mischief offense.
Reversed and remanded.
ALTENBERND, C.J., and LaROSE, J., Concur.