933 So.2d 43 (2006)
Donald SHERWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2551.
District Court of Appeal of Florida, Second District.
May 12, 2006.
*44 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Donald Sherwood challenges the revocation of his probation and the resulting sentence. We affirm in part and reverse in part.
In an amended affidavit of violation of probation, the State alleged that Mr. Sherwood committed seven violations of the conditions of his probation. At the revocation hearing, however, the State presented evidence for only five of the alleged violations: failing to report a January 9, 2005, contact with law enforcement (condition one); failing to live and remain at liberty without violating any law by virtue of traffic infractions that occurred on January 9, 2005 (condition five); and failing, on three instances, to comply with curfew (condition sixty-one). The State presented no evidence on two other violations of condition five that allegedly occurred on February 9, 2005 (driving without a license and failing to register a motor vehicle).
The trial court found Mr. Sherwood in willful and substantial violation of his probation. By listing all seven alleged violations in its written order of revocation, the trial court concluded that Mr. Sherwood had committed violations for which the State presented no evidence. We cannot sustain a revocation of probation based on unsupported allegations. See Davis v. State, 478 So.2d 112 (Fla. 2d DCA 1985).
We also conclude that one of the curfew violations is not substantial. See Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003) (holding that trial court may revoke a defendant's probation only upon a determination that the greater weight of the evidence supports a finding of a willful and substantial violation). Mr. Sherwood was not at his approved residence at 10:20 p.m., and at 10:40 p.m., on February 10, 2005. He was also absent at 5:40 a.m. on February 11, 2005. We cannot conclude that Mr. Sherwood's absence at 10:40 p.m. was anything other than a continuation of his willful absence at 10:20 p.m. on February 10, 2005.
The trial court's findings of violation on the remaining four incidents recited in the amended affidavit were supported *45 by competent, substantial evidence, and are sufficient to support the revocation of Mr. Sherwood's probation. See Mitchell v. State, 871 So.2d 1040, 1042 (Fla. 2d DCA 2004); Coxon v. State, 365 So.2d 1067, 1068 (Fla. 2d DCA 1979). Accordingly, we affirm the trial court's revocation of probation and sentence imposed. We reverse and remand, however, solely for entry of a corrected order of revocation that will, consistent with this opinion, delete one violation of condition sixty-one and two violations of condition five. Mr. Sherwood need not be present when the trial court enters the corrected order.
Affirmed in part, reversed in part, and remanded with instructions.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, Concur.