PER CURIAM.
In this probation revocation ease, the state properly concedes that the trial court’s written order does not conform to the court’s oral pronouncement concerning the conditions of probation Appellant violated. Additionally, we agree with Appellant that the trial court abused its discretion in determining that Appellant violated his probation by committing the offense of possession of a firearm by a convicted felon because the record does not contain sufficient non-hearsay evidence to support this finding. However, we need not remand for reconsideration based on this error because it is clear from the record that the trial court would have revoked Appellant’s probation and imposed the same sentence based solely on the domestic battery offense, which was supported by sufficient evidence.* Cf. Thomas v. *1075 State, 453 So.2d 156, 157 (Fla. 1st DCA 1984) (explaining that when a portion of a probation order is reversed, the court will remand for reconsideration if it cannot be determined from the record that the trial court would have revoked probation and imposed the same sentence on the remaining grounds). Accordingly, we remand to the trial court only to correct the revocation order to reflect that Appellant violated his probation by committing the offense of domestic battery. We affirm the other issues raised by Appellant without further comment.
AFFIRMED in part; REMANDED for correction of revocation order.
ROBERTS, CLARK and WETHERELL, JJ., concur.

 At the end of the revocation hearing, the trial court stated that it "f[ou]nd the evidence ex *1075 tremely convincing in this case that there was a violation of probation”; that the violation was willful and substantial; and that the evidence "certainly convinces [the court] that there was domestic battery....” At the sentencing hearing, the trial court rejected Appellant’s request for leniency, noting that Appellant had already been given several "second chances” by having been placed on and returned to probation. The court stated that the circumstances of the case were "particularly aggravating” and that "the circumstances suggest a long period of incarceration is appropriate.” The trial court’s comments at the sentencing hearing focused on the domestic battery, as did the new conditions of probation imposed by the court, i.e., batterer’s intervention program and no-contact order with the victim. The possession of firearm offense was not even mentioned at the sentencing hearing.