LOGUE, J.
John McKenzie appeals from trial court orders that revoked his probation and imposed a sentence for the offenses for which he was serving probation. The order of revocation includes, among the eight violations listed, a statement that *30 McKenzie violated his probation by committing criminal mischief on March, 27, 2011. McKenzie asserts, and the State does not contest, that the trial court erred by including the criminal mischief charge on the order of revocation, where the State did not present any evidence at the revocation hearing that McKenzie caused any property damage. We agree. See J.W.S. v. State, 899 So.2d 1276, 1277 (Fla. 2d DCA 2005) (“A criminal mischief charge should be dismissed where there is no evidence of damage to the property at issue”).
However, upon consideration of the entire record in this matter, we are confident both that the trial court would have revoked McKenzie’s probation on the basis of the remaining seven violations, and that the trial court would have imposed the same sentence. Accordingly, we affirm the trial court’s revocation of probation and the sentence imposed. See Ware v. State, 54 So.3d 1074 (Fla. 1st DCA 2011) (holding that remand for reconsideration of entire revocation order was unnecessary where it was “clear from the record” that the trial court would have revoked probation and imposed the same sentence based solely on the remaining offense, which was supported by sufficient evidence). We reverse and remand, however, solely for entry of a corrected order of revocation that will, consistent with this opinion, delete the violation that states that McKenzie committed criminal mischief. See Sherwood v. State, 933 So.2d 43, 45 (Fla. 2d DCA 2006). McKenzie need not be present when the trial court enters the corrected order.
We affirm with respect to all other issues raised on appeal, without discussion.
Reversed, in part, affirmed, in part, and remanded.