PER CURIAM.
The appellant appeals the judgment and sentence imposed after the trial court found that he violated probation. For the reasons discussed below, we reverse.
The affidavit of violation of probation alleged that appellant violated probation by committing the criminal offense of “LSOA without giving info more than $50 damage.” [1] However, there was no evidence of any damage to the vehicle or property introduced at the violation hearing. Instead, all the evidence introduced by the state suggested the appellant committed the crime of leaving the scene of an accident with personal injury, a violation of section 316.027, Florida Statutes (2012). The appellant was not specifically charged with committing that crime in the violation of probation affidavit. Courts have held that it is fundamental error to revoke probation based on an allegation not alleged in the violation of probation affidavit. See Howard v. State, 883 So.2d 879, 880 (Fla. 4th DCA 2004) (“It is a due process violation and fundamental error to revoke probation for violations not alleged in the affidavit of violation of probation.”); Smith v. State, 738 So.2d 433 (Fla. 1st DCA 1999) (“Revocation of probation on grounds never alleged in writing violates due process and is fundamental error.”); Wyns v. State, 679 So.2d 882 (Fla. 5th DCA 1996) (“fundamental due process requires revocation to be based only on those violations alleged”). Accordingly, we reverse the trial court’s order and remand this matter to the trial court with orders to dismiss the violation of probation charges.[2]
REVERSED and REMANDED with directions.
BENTON, WETHERELL, and MARSTILLER, JJ, concur.

. There is no such crime, although section 316.061, Florida Statutes (2012), prohibits leaving the scene of an accident involving damage to "a vehicle or other property which is driven or attended by any person,” without regard to any specific amount of damage. The affidavit did not specify which statute the appellant was alleged to have violated.

. The affidavit alleged a second count which was dismissed at the beginning of the VOP hearing.