# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1448
Lower Tribunal No. 06-16654
_____


**Bryan Cohen,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Arlisa Certain, Assistant Attorney General, for appellee.


Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

EMAS, J.

Bryan Cohen appeals the trial's court order revoking his probation and imposing a sentence of twenty-five years in prison. Cohen asserts the revocation was based in part upon conduct not alleged in the probation violation affidavit, and that a remand for resentencing is necessary.

In April 2007 Cohen pled guilty to burglary with a battery and sexual battery upon a helpless victim. Cohen was sentenced to eight years' imprisonment, followed by two years of community control and ten years' probation.

Cohen was released from prison in June of 2013. In March of 2014, while under community control supervision, Cohen was arrested and charged with the misdemeanor crime of making an obscene or harassing phone call. A misdemeanor information was filed, alleging that Cohen

> did unlawfully make a telephone call to Jimmy Edward Smith, . . . and during such call made [a] comment, request, suggestion, or proposal which was obscene, lewd, lascivious, filthy, vulgar, or indecent; and by such call or such language, intended to offend, annoy, abuse, threaten or harass any person at the called number, in violation of Florida Statutes 365.16(1)(a).

Based upon this new misdemeanor arrest, an affidavit was filed alleging that Cohen violated his community control and probation by committing a new crime. The affidavit specifically referenced the misdemeanor case number and incorporated the allegations of the misdemeanor information (as set forth above) specifically charging a violation of section 365.16(1)(a).[1]

_____

[1] The probation violation affidavit also alleged that Cohen violated his community

In May 2014, the trial court conducted a probation violation hearing. As Cohen concedes in this appeal, the evidence at the hearing supported a determination that Cohen had violated his probation by making an obscene phone call in violation of section 365.16(1)(a)[2], rendering unnecessary a recitation of the details of that phone call. During the hearing, however, the State also introduced evidence that, immediately following the charged obscene phone call, Cohen made a series of ten more calls to the same phone number (none of which were answered by the person Cohen called).[3]

At the conclusion of the hearing, the trial court made its oral findings that:

- Cohen had violated his probation by making an obscene and harassing phone call in violation of section 356.16(1)(a);

---

control by failing to submit to electronic monitoring and failing to participate in sex offender treatment.

[2] Section 365.16(1)(a) provides:

(1) Whoever:
(a) Makes a telephone call to a location at which the person receiving the call has a reasonable expectation of privacy; during such call makes any comment, request, suggestion, or proposal which is obscene, lewd, lascivious, filthy, vulgar, or indecent; and by such call or such language intends to offend, annoy, abuse, threaten, or harass any person at the called number. . . is guilty of a misdemeanor of the second degree. . . ."

[3] Cohen properly concedes that, although the uncharged series of repeated phone calls could not serve as a separate basis for revoking probation, the testimony regarding the repeated phone calls was nevertheless relevant and admissible evidence bearing upon Cohen's intent in making the initial obscene phone call.

- Cohen had also violated section 356.16(1)(c)[4] by immediately thereafter making a series of repeated (but answered) phone calls.

- The State did not offer proof, and therefore did not establish, that Cohen violated Condition 10 (failing to submit to electronic monitoring) or Condition 16 (failing to participate in sex offender treatment).[5]

The trial court then heard from the State, Cohen, and Cohen's counsel regarding the appropriate sentence to be imposed. No argument was made addressing the series of repeated but unanswered phone calls, and only passing reference was made addressing the single obscene phone call. Instead, the issues pertinent to sentencing centered on the seriousness of the crimes for which Cohen was originally sentenced (sexual battery upon a helpless victim and burglary with a battery); his mercurial history of community control supervision; his mental health and treatment history; and the significant number and serious nature of Cohen's prior felony convictions.[6] The court sentenced Cohen to 25 years' imprisonment.

---

[4] Section 365.16(1)(c) provides:

(1) Whoever:
(c) Makes or causes the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number. . . is guilty of a misdemeanor of the second degree. . . ."

[5] The State properly concedes that the written order of revocation incorrectly reflects a finding that Cohen violated these two conditions of his community control and must be corrected to conform to the court's oral pronouncement.

[6] The transcript reveals that, prior to his 2007 plea and sentence in this case, Cohen had at least ten prior felony convictions, including prior convictions for sexual

The written order of revocation order lists three violations as grounds for revocation: failing to submit to electronic monitoring; failing to participate in sex offender treatment[7]; and committing the offense of Obscene Harassing Phone Calls.

Cohen correctly contends that, in revoking Cohen's probation, the trial court erroneously relied upon an uncharged violation of section 365.16(1)(c), Florida Statutes, by having made the series of ten repeated phone calls following the single obscene phone call. Revocation of probation based on an uncharged violation deprives the defendant of due process and constitutes fundamental error. Bonner v. State, 138 So. 3d 1101 (Fla. 1st DCA 2014); McRae v. State, 88 So. 3d 384 (Fla. 2d DCA 2012); Ray v. State, 855 So. 2d 1260 (Fla. 4th DCA 2003). When probation has been revoked based on charged and uncharged conduct, the revocation order must be reversed where it is unclear whether the lower court would have revoked probation and imposed the same sentence absent the uncharged conduct. Mack v. State, 440 So. 2d 602 (Fla. 3d DCA 1983). In the instant case, however, it is clear from the record that the trial court would have revoked Cohen's probation and imposed the same sentence based solely on the

---

battery, attempted strong arm robbery, simple burglary, burglary with an assault or battery, grand theft, and possession with intent to distribute marijuana. Cohen had already served two different state prison sentences (in 1982 and 1992) prior to his 2007 plea and eight-year prison sentence in this case.

[7] The State properly concedes that the order of revocation incorrectly reflects a finding that Cohen violated these conditions of his community control.

charged violation of making an obscene phone call under section 365.16(1)(a). McKenzie v. State, 38 Fla. L. Weekly D2379 (Fla. 3d DCA Nov. 13, 2013); Ware v. State, 54 So. 3d 1074 (Fla. 1st DCA 2011); Mata v. State, 31 So. 3d 257 (Fla. 4th DCA 2010).

We therefore affirm the trial court's finding of a violation of probation by committing the crime of making obscene phone calls, and we affirm the sentence imposed. We remand this cause to the trial court for the purpose of correcting the revocation order to conform to the court's oral pronouncement. The corrected revocation order shall delete the findings of a violation of Condition 10 (failing to submit to electronic monitoring) and Condition 16 (failing to participate in sex offender treatment). The defendant need not be present for this purpose. We affirm the order of revocation in all other respects.

Affirmed and remanded with directions.