IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT EVINS,

     Appellant,

 v.                                    Case No.  5D16-898

STATE OF FLORIDA,

     Appellee.

_____/

Decision filed September 30, 2016

Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Robert Evins, Clermont, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

     We affirm the trial court's revocation of Appellant's probation.  The State presented competent substantial evidence at trial that Appellant violated conditions (3) and (13) of his probation.  However, we conclude that the court erred in finding that Appellant also violated condition (5) of his probation by being arrested for committing a new criminal offense because "[i]t is improper to revoke probation based solely upon proof that the probationer had been arrested."  *Prater v. State*, 161 So. 3d 489, 491 (Fla. 5th DCA 2014)

(citing *Hines v. State*, 358 So. 2d 183, 185 (Fla. 1978)). The State did not separately present evidence at trial that Appellant had committed a new criminal offense while on probation.

We find it unnecessary to remand this case for the trial court to reconsider the prison sentence that it had imposed because it is clear from the record that the court would have revoked Appellant's probation and imposed the same sentence based solely upon Appellant's violation of conditions (3) and (13) of his probation. *See Arnau v. State*, 80 So. 3d 457 (Fla. 1st DCA 2012); *Ware v. State*, 54 So. 3d 1074 (Fla. 1st DCA 2011).

Accordingly, we affirm the revocation of probation based upon the violations of conditions (3) and (13) and remand for the trial court to strike that portion of the revocation order finding that appellant violated condition (5) of his probation.

AFFIRMED and REMANDED for correction of revocation order.

TORPY, COHEN and LAMBERT, JJ., concur.