# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.

_____

No. 3D15-1695
Lower Tribunal Nos. 05-15245K, 09-1864A, 09-1861A, 09-1859A, 09-1840B

_____

**Miguel Alexander Alvarez Fuentes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Daniel J. Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

## ON MOTION FOR REHEARING

We grant appellant's motion for rehearing, withdraw our previous opinion, and substitute the following opinion in its stead.

Appellant, Miguel Alexander Alvarez Fuentes, appeals from the trial court's order adjudging him in violation of his probation, revoking his probation, and sentencing him to a total of twenty years in prison. We affirm in part, reverse in part, and remand for entry of a written order of violation of probation.

In 2011, appellant entered a negotiated plea in five separate cases[1], and was sentenced to five years' state prison followed by five years' probation. Appellant was released from prison in May of 2013, and commenced the probation portion of his sentence. As a standard condition of his probation, appellant was required to report monthly to his probation officer. On April 2, 2014, appellant's probation was modified to include a requirement that appellant "keep job application log with minimum of 5 jobs per week." Four weeks after appellant's probation was modified, the State filed an affidavit alleging that appellant violated his probation by committing the crime of uttering a forged instrument on April 28, 2014. See section 831.02, Florida Statutes (2014). The affidavit also alleged that appellant violated his probation by failing to timely submit weekly job application logs to his probation officer.

---

[1] In those cases, appellant was convicted of nine separate felonies: four counts of grand theft, four counts of burglary, and one count of racketeering.

We affirm the trial court's determination that appellant violated his probation by committing the new crime of uttering a forged instrument, and reject appellant's contention that there was not competent substantial evidence to support the trial court's determination in this regard.

However, we reverse the trial court's determination that appellant violated his probation by failing to submit to the probation officer, on a weekly basis, his job application logs. On appeal the State commendably conceded this was error; while the order of probation required appellant to <u>keep</u> job application logs on a weekly basis, it did not require appellant to <u>submit</u> the job application logs on a weekly basis.[2]

We also note that the trial court failed to enter a written order of violation of probation. <u>See</u> <u>Francique v. State</u>, 172 So. 3d 531 (Fla. 3d DCA 2015). On remand, the trial court shall enter a written order of violation of probation consistent with that portion of its oral pronouncement that appellant violated his probation by committing the crime of uttering a forged instrument.

We find the remaining issues to be without merit.[3]

_____

[2] The April 2, 2014 modified probation order required appellant to "keep job application log with minimum of 5 jobs per week." When appellant made his monthly visit to his probation officer on April 9, 2014, he submitted his job application log for the week of April 2-9. He did not submit any more weekly logs after that, because he was arrested on April 28 for the new offense of uttering a forged instrument. Given the language of this condition of probation, however, appellant would be in compliance if he kept weekly logs and submitted those weekly logs to his probation officer at each monthly reporting session.

Affirmed in part, reversed in part and remanded with directions.

---

[3] Appellant contends that we must remand for the trial court to determine whether it would have revoked appellant's probation and imposed the same sentence based solely on the single valid violation. We reject this contention. The invalid basis for revocation involved a technical violation, whereas the remaining valid basis for revocation was the commission of a new substantive offense. Our review of the entire record of the proceedings below evidences clearly that the trial court would have revoked appellant's probation and imposed the same sentence based solely upon the determination that appellant committed the felony of uttering a forged instrument while on probation. See Cohen v. State, 171 So. 3d 179 (Fla. 3d DCA 2015); McKenzie v. State, 201 So. 3d 29 (Fla. 3d DCA 2013).

4