# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D17-1903
1D17-1904

_____

JABARE EDWARDS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Layne Smith, Judge.

April 18, 2018

PER CURIAM.

In case number 1D17-1903, Appellant seeks review of his criminal judgment and sentence for arson, and in case number 1D17-1904, he seeks review of the order revoking his probation based on several new law violations, including arson. We previously consolidated the cases for briefing and we now consolidate them for disposition.

Appellant was charged with arson for setting fire to his ex-girlfriend's apartment. He was also charged with violating his probation by committing several new law violations, including arson. A jury found Appellant guilty of arson, and the trial court found that he violated his probation. The trial court revoked

Appellant's probation and sentenced him to concurrent prison terms of varying lengths for the arson and the offenses for which he was on probation.

We affirm Appellant's judgment and sentence for arson without further comment. We also summarily affirm the revocation of Appellant's probation, but for the reasons that follow, we remand for entry of a corrected revocation order.

The charging affidavit alleged that Appellant violated his probation by committing arson and three specific new law violations in Gadsden County: reckless driving, failure to obey law enforcement officer, and dealing in stolen property. The trial court, in its oral pronouncement, found that Appellant violated his probation by committing arson and two *different* new law violations in Gadsden County: felony fleeing and eluding and grand theft motor vehicle. Although Appellant admitted to having been found guilty of "a new law offense" in Gadsden County and he did not object to the introduction of the certified copy of the judgment reflecting his convictions for felony fleeing and eluding and grand theft motor vehicle, this court has held that it is a violation of due process and fundamental error to revoke a defendant's probation based on grounds not alleged in the charging affidavit. *See Osteen v. State*, 147 So. 3d 678, 679 (Fla. 1st DCA 2014); *Bonner v. State*, 138 So. 3d 1101, 1102 (Fla. 1st DCA 2014); *Perkins v. State*, 842 So. 2d 275, 277 (Fla. 1st DCA 2003); *N.L. v. State*, 825 So. 2d 509, 510 (Fla. 1st DCA 2002). However, in this case, the error does not require reversal because the record clearly establishes that the trial court would have revoked Appellant's probation based solely on the new law violation of arson. *See Bourne v. State*, 869 So. 2d 606, 607 (Fla. 1st DCA 2004) (affirming probation revocation that was based in part on uncharged grounds because "there are sufficient valid grounds remaining upon which the trial court could have revoked [the defendant's] probation"); *see also Lee v. State*, 67 So. 3d 1199, 1201 (Fla. 2d DCA 2011) ("When a trial court relies on both proper and improper grounds for revocation but it is clear from the record that the trial court would have revoked probation even without the existence of improper grounds, this court and others have affirmed the revocation of probation and remanded for entry of a corrected revocation order.").

2

Accordingly, we affirm the revocation of Appellant's probation, but remand for entry of a corrected revocation order reflecting that the revocation was based solely on the new law violation of arson. This disposition renders moot Appellant's argument that the written revocation order did not comport with the trial court's oral pronouncement.

Judgment and Sentence AFFIRMED; Probation Revocation Order AFFIRMED and REMANDED with directions.

WOLF, ROBERTS, and WETHERELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.