# Third District Court of Appeal

## State of Florida

Opinion filed June 20, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-278
Lower Tribunal No. 13-29726
_____

**Barbara Stone,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Tim Bailey, Judge.

Jacob M. Noble (Palm Beach Gardens), for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before SUAREZ, EMAS, and LUCK, JJ.

SUAREZ, J.

Barbara Stone appeals from a thirty-month state prison sentence imposed on violation of probation. We reverse and remand for a new sentencing hearing.

In 2014, Stone entered into a plea agreement to the charge of interference with custody, a third degree, non-forcible felony. She scored 22 sentencing points. The trial court found her guilty, withheld adjudication and placed her on three years of reporting probation with special conditions. The State subsequently filed several affidavits alleging Stone violated the terms of her probation. At the 2018 hearing on violation of probation, Stone admitted to the violation allegations and agreed to plead to the court. At that hearing, evidence was presented that Stone absconded from probation, committed violence against a police officer, and repeatedly violated probation by purposefully and maliciously contacting those persons she was ordered not to contact, including the original trial court judge. The trial court revoked Stone's probation and adjudicated her guilty of the underlying non-forcible third degree felony, and found her statements and behavior at the sentencing hearing indicated a lack of remorse that caused the court genuine concern for the safety of the community if non-state sanctions were once again imposed. The trial court sentenced Stone to thirty months in state prison with credit for time served.

Stone filed a timely motion in the trial court to correct an illegal sentence, which the trial court granted in part as to additional credit for time served. The trial court did not alter the sentence. On appeal, Stone argues that the trial court's sentence was an illegal upward departure based on a scoresheet that reflected only

22 total sentencing points. Further, Stone claims that the trial court based this upward departure sentence solely on the basis of Stone's apparent lack of remorse.

Because the trial court impermissibly relied on Stone's apparent lack of remorse at sentencing, we reverse and remand for a new sentencing hearing before a different judge. See, e.g., Dinkines v. State, 122 So. 3d 477, 480 (Fla. 4th DCA 2013) (finding reversible error in trial court's consideration of defendant's perceived lack of meaningful remorse in imposing state prison sentence); Green v. State, 84 So. 3d 1169, 1171 (Fla. 3d DCA 2012) (and cases cited therein, holding lack of remorse, the failure to accept responsibility, or the exercise of one's right to remain silent at sentencing may not be considered by the trial court in fashioning the appropriate sentence). As such, we decline to reach the remaining issue on appeal.

Reversed, and remanded with directions.