# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D20-2965

———————————————

IAN M. BERG,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Bay County.
Dustin Stephenson, Judge.

September 29, 2021

PER CURIAM.

In this appeal filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), we affirm the revocation of Appellant's probation and the resulting sentence for the underlying offense of grand theft. However, we remand with directions that the trial court strike a technical violation from the revocation order and correct the revocation order to conform to the court's oral pronouncement.

The trial court found that Appellant violated condition three of his probation by changing his residence without the consent of his probation officer. Appellant's probation officer testified that she went to Appellant's listed residence and was told by Appellant's father that Appellant was not at the house, that he did not know Appellant's whereabouts, that he had a trespass

injunction against Appellant, and that Appellant was not allowed to come back. Such hearsay alone is not sufficient to establish that Appellant changed his residence in the absence of any nonhearsay evidence to corroborate it. *See Rutland v. State*, 166 So. 3d 878 (Fla. 1st DCA 2015) (observing that "a probation officer's hearsay testimony, by itself, that another person told him or her the probationer no longer lived at a residence is insufficient to support a change of residence violation; the cases are clear and legion"); *Webb v. State*, 154 So. 3d 1186, 1188 (Fla. 4th DCA 2015) (holding that the evidence was insufficient to establish that defendant changed his residence without permission where defendant's probation officer made a single visit to defendant's address to find defendant and was told by defendant's aunt and his mother that defendant no longer lived there); *Cito v. State*, 721 So. 2d 1192 (Fla. 2d DCA 1998) (holding that the evidence was insufficient to establish that defendant changed his residence without permission where the only evidence was hearsay testimony from defendant's probation officer that defendant's mother stated that she did not know where he was).

Although Appellant's probation officer further testified that she subsequently spoke to Appellant on the phone about his desire to move to Panama City, she did not testify that Appellant admitted changing his residence. Appellant's probation officer also testified that she instructed Appellant to come into the office the next day so that they could find somewhere for Appellant to stay because she realized that appellant was essentially homeless. To the extent the trial court found that Appellant failed to report as instructed, this could not be used as a basis to revoke Appellant's probation because it was not charged in the probation violation affidavit. *Grimsley v. State*, 830 So. 2d 118, 120 (Fla. 2d DCA 2002). Furthermore, Appellant could not be found to have willfully violated his probation due to forced homelessness. *See Davis v. State*, 276 So. 3d 119 (Fla. 2d DCA 2019); *Charles v. State*, 209 So. 3d 32, 35 (Fla. 4th DCA 2016); *Bravo v. State*, 268 So. 3d 193, 196 (Fla. 2d DCA 2018).

Because the trial court erred in finding that Appellant violated his probation by changing his residence without his probation officer's consent, we remand with directions that the trial court strike the violation of condition three from the

revocation order. However, we affirm the revocation of Appellant's probation based on the trial court's determination that Appellant also violated his probation by committing the new offenses of armed trespass and resisting an officer without violence. *See Fuentes v. State*, 219 So. 3d 956, 958 n.3 (Fla. 3d DCA 2017); *Collins v. State*, 446 So. 2d 268, 269 (Fla. 2d DCA 1984).

Finally, the trial court entered an amended revocation order indicating that Appellant violated condition five of his probation by committing the criminal offense of armed burglary of a dwelling. This conflicts with the trial court's oral pronouncement finding that Appellant committed the lesser criminal offense of armed trespass. *Owens v. State*, 141 So. 3d 259 (Fla. 3d DCA 2014). The trial court's written order must conform to its oral pronouncement. *See Thompson v. State*, 965 So. 2d 1250, 1251 (Fla. 1st DCA 2007) ("When a conflict exists between an oral revocation pronouncement and the written order revoking probation, the oral pronouncement will control."). Therefore, we remand with directions that the trial court correct the revocation order to conform to its oral pronouncement.

AFFIRMED and REMANDED with directions.

ROBERTS and JAY, JJ., concur; ROWE, C.J., concurs in result only.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jessica J. Yeary, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant; Ian M. Berg, pro se.

Ashley Moody, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.