IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

DAVID O. PAYET,

        Appellant,

 v.
                                   Case No.  5D22-547
                                   LT Case Nos. 2018-CF-036781
                                                   2018-CF-036581

STATE OF FLORIDA,
                                                   2018-CF-029819

        Appellee.

_____/

Opinion filed August 12, 2022

Appeal from the Circuit Court
for Brevard County,
Tesha Ballou, Judge.

Matthew J. Metz, Public Defender,
and Edward J. Weiss, Assistant
Public Defender, Daytona Beach,
for Appellant.

David O. Payet, Cocoa, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, C.J.

In this *Anders*[1] appeal, we affirm the judgments and sentences[2] imposed by the trial court in the cases below. However, we remand with directions that the trial court strike from the judgments the Condition 5 violation found[3] based on Appellant's arrest for introduction of contraband into the county jail. *See Hines v. State*, 358 So. 2d 183, 185 (Fla. 1978) (explaining that "[t]he Florida Statutes do not authorize, nor would our constitution permit, a permanent revocation of probation based solely upon proof of an arrest during the probationary period"). However, we find it unnecessary to remand the case for the trial court to reconsider the prison sentences that it imposed because it is clear from the record that the court would have revoked Appellant's community control and imposed the same sentences based upon Appellant's other violations of community control. *See Evins v. State*, 201 So. 3d 212, 213 (Fla. 5th DCA 2016).

Lastly, we briefly address one of Appellant's arguments raised in his pro se supplemental initial brief that the trial court erred in denying his motion

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] The sentences were the lowest permissible sentences on Appellant's Criminal Punishment Code Scoresheet and were appropriate under *State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021).

[3] The trial court listed the conditions of community control that were violated in the judgments instead of the orders terminating community control.

to withdraw plea. As Appellant's motions to withdraw his plea were filed after he filed his notice of appeal of the final judgments and sentences, the trial court was divested of jurisdiction to consider or rule on the motions. *See Carroll v. State*, 266 So. 3d 1270, 1271–72 (Fla. 5th DCA 2019) (quoting *Sharp v. State*, 884 So. 2d 510, 512 (Fla. 2d DCA 2004) (holding that "[t]he filing of the notice of appeal 'divested the trial court of jurisdiction to enter any further rulings in the case, including a ruling on [the defendant's] subsequently filed motion to withdraw his plea'")). Thus, the circuit court's orders on the motions, as well as the motions to withdraw plea, are nullities to be stricken. *See id.* at 1272 (remanding with instructions to the trial court to strike the defendant's motion to withdraw plea that was filed subsequently to the notice of appeal and observing that the defendant's potential recourse is to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850).

AFFIRMED; REMANDED with directions to strike from the judgments the Condition 5 violation based on Appellant's arrest for introducing contraband into the jail and to strike Appellant's motions to withdraw plea filed after his notice of appeal, together with the orders entered on the

motions to withdraw plea.[4]

EVANDER and HARRIS, JJ., concur.

---

[4] As an aside, we note that one of these orders provided that the trial court was holding the instant appeal in abeyance. A trial court lacks the authority to rule upon an appellate court's jurisdiction. *Carroll*, 266 So. 3d at 1272.

4