# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1120
Lower Tribunal Nos. F18-10624, F18-10617, F18-10642

_____

**Maurice Jackson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, HENDON and LOBREE, JJ.

FERNANDEZ, J.

Maurice Jackson appeals the trial court's order revoking probation and imposing a life sentence claiming that the trial court considering an uncharged violation. Jackson additionally claims, and the State concedes, that the trial court's written order does not conform to the court's oral pronouncement. Because it is clear from the record that the trial court would have revoked probation and imposed the same sentence despite the consideration of the uncharged offense, we affirm in part the order revoking probation and imposing a life sentence. We reverse in part and remand only to allow the trial court to conform the order to its oral pronouncement without inclusion of the uncharged violation.

Towards the end of an extensive revocation of probation hearing, the trial court asked to see defendant Maurice Jackson's prior record. The State provided an electronic copy and explained that it included the most recent arrest from the day before that had not been included in the affidavit. The discussion of the uncharged violation was brief, including where the incident occurred and the parties involved. Immediately before revoking probation and sentencing, the trial court announced:

> Battery. Battery. Battery. Battery. Battery. Probation violation. Robbery with a firearm. Robbery with a firearm. False imprisonment. Aggravated battery. Probation violation. Probation violation. Battery. Battery.
>                    …

> Okay. I'll tell you that I find that Mr. Jackson is an extreme danger, not just to his family but to the community. He's violent, his priors show it. He's on probation for violence and yesterday he battered. I'm assuming he was charged with that battery on police on law enforcement.

The State confirmed. The trial court revoked probation and imposed the following sentence:

> So, on F1810617, I'm going to find him in violation of probation, revoke his probation, sentence him to ten years in state prison as a habitual offender. In case F1810624, the charge of battery on the elderly, ten years as a habitual offender. Count, I guess it's III, grand theft vehicle, ten years as a habitual offender. Count IV, aggravated battery on the elderly, life in state prison as a habitual offender. Count V, battery with prior convictions ten years, as a habitual offender. In F1810642 Count I, battery on the elderly, ten years as a habitual offender. Count II, battery with prior convictions, ten years as a habitual offender, and tampering with a witness or victim on a third-degree felony, 30 years as a habitual offender. All cases and all counts will run concurrent with each other. You'll receive credit for all time that you've served. That applies to each case.

The defense failed to object to the trial court's sentence. Jackson filed a Motion to Correct Sentencing Error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) arguing that the written order of revocation did not conform to the trial court's oral pronouncement. The trial court did not rule on the motion. Jackson appealed.

Both Jackson and the State agree that the trial court erroneously relied on the uncharged violation in revoking Jackson's probation; however, the State argues that this error does not require reversal. "Revocation of

3

probation based on an uncharged violation deprives the defendant of due process and constitutes fundamental error." Cohen v. State, 171 So. 3d 179, 181 (Fla. 3d DCA 2015) (citing Bonner v. State, 138 So. 3d 1101 (Fla. 1st DCA 2014); McRae v. State, 88 So. 3d 384 (Fla. 2d DCA 2012); Ray v. State, 855 So. 2d 1260 (Fla. 4th DCA 2003)). "When probation has been revoked based on charged and uncharged conduct, the revocation order must be reversed where it is unclear whether the lower court would have revoked probation and imposed the same sentence absent the uncharged conduct." Id. (citing Mack v. State, 440 So.2d 602 (Fla. 3d DCA 1983)).

It is clear from the record that the trial court would have revoked probation and imposed the same sentence despite consideration of the additional uncharged offense. Prior to the discussion of the uncharged offense, the trial court announced that there was enough evidence to revoke probation. Also, before mention of the uncharged offense, the transcript reveals discussion of the maximum sentences, including a life sentence for aggravated battery on Jackson's father resulting in a broken arm, and discussion of the prior determination that Jackson is a habitual offender and a habitual violent offender but was not previously sentenced as such. Additionally, when Jackson addressed the trial court regarding battering his father, he showed a lack of remorse and claimed the battery was

4

unintentional. The trial judge was evidently bothered by such blatant disregard.[1] This colloquy also took place prior to the discussion of the uncharged violation.

The record is clear that the recent uncharged violation was introduced only to inform the trial court of its presence on Jackson's list of priors. The trial court briefly asked for some context and the conversation quickly moved on to Jackson's more serious offenses. The context of the discussion is similar to that of <u>Cohen</u>, 171 So. 3d 179. In <u>Cohen</u>, the State prosecuted the defendant and introduced evidence that Cohen made an obscene phone call in violation of his probation. The State introduced additional evidence of an uncharged crime to the effect that the defendant made ten (10) additional calls to the same number, none of which were answered. However, the State did not argue the uncharged violation, but instead the issues turned to "the seriousness of the crimes for which Cohen was originally sentenced (sexual battery upon a helpless victim and burglary with a battery); his mercurial

---

[1] We are aware of our long history of cases concluding that the trial court is not permitted to consider a defendant's lack of remorse when imposing sentence. <u>See, e.g.</u>, <u>Stone v. State</u>, 249 So. 3d 763 (Fla. 3d DCA 2018). However, the First District held in <u>Davis v. State</u>, 268 So. 3d 958 (Fla. 1st DCA 2019), <u>approved</u>, 332 So. 3d 970 (Fla. 2021), that consideration of a defendant's lack of remorse during sentencing is appropriate. The Florida Supreme Court affirmed that holding in <u>Davis v. State</u>, 332 So. 3d 970 (Fla. 2021), <u>reh'g denied</u>, SC19-716, 2022 WL 122299 (Fla. Jan. 13, 2022).

history of community control supervision; his mental health and treatment history; and the significant number and serious nature of Cohen's prior felony convictions." Id. at 180-81. As in the present case, the trial court included the uncharged offense in its oral pronouncement of revocation of probation. On appeal, this Court found that it was clear from the record that the trial court would have revoked Cohen's probation and imposed the same sentence solely on the charged violation. Given the analogous record in Cohen and our decision in that case, we find that it is clear from the record that the trial court would have revoked Jackson's probation and imposed the same sentence based solely on the charged violations. We therefore affirm the order revoking probation and the sentences imposed.

The State concedes that the trial court's written order does not conform to the trial court's oral pronouncement. "Accordingly, we [reverse and] remand to the trial court only to correct the revocation order to reflect that Appellant violated his probation by committing the offenses [provided in the court's oral pronouncement]." Ware v. State, 54 So. 3d 1074, 1075 (Fla. 1st DCA 2011).

For the reasons stated, we affirm in part the trial court's order revoking Jackson's probation and imposing sentence and reverse in part and remand

only for the trial court to conform the written order to the oral pronouncement without inclusion of the uncharged violation.

Affirmed in part; reversed in part and remanded with instructions.