# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0445

_____

CALEB ALLEN MORROW,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

December 11, 2024


ROWE, J.

Caleb Morrow appeals from the trial court's orders revoking his probation and imposing sentence. Morrow argues that the trial court erred by considering uncharged conduct when it revoked probation. He also argues that his violation of probation was not substantial. Finding no error by the trial court, we affirm.

The charges against Morrow stemmed from a tip received by the National Center for Missing and Exploited Children (NCMEC) from the Kik platform regarding Morrow's account. Law enforcement investigated and linked Morrow's account to multiple images depicting child pornography and videos involving sexual performance by a child including:

- Two videos depicting a nude adult male raping a nude prepubescent female. Morrow shared one of these videos with another user;
- Two photos depicting nude prepubescent females;
- A video depicting a prepubescent female dancing and touching herself, and then removing her clothes;
- A photo depicting a prepubescent female wearing tights and a bra that has "DADDY'S Little Slut" across the front. A piece of fabric around her neck says "SLUT;" and
- A computer-generated image depicting a nude prepubescent female being raped by an adult male.

The State charged Morrow with one count of possession with intent to promote child pornography. *See* § 827.071(4), Fla. Stat. This charge was punishable by up to fifteen years in prison. *See* § 775.082(3)(d), Fla. Stat. (2021).

Morrow pleaded guilty and was sentenced to two years of community control, followed by seven years of probation. As part of the plea, Morrow agreed to certain conditions of sex offender probation, including that he could not access the internet or other computer services until a qualified practitioner in a sex offender treatment program approved and implemented a safety plan. *See* § 948.30(1)(h), Fla. Stat.

But just six months after Morrow began serving community control, his probation officer discovered that Morrow was accessing the internet. The officer found a laptop computer in Morrow's bedroom that Morrow claimed belonged to his brother. Morrow admitted that he used the laptop to access the internet to watch movies on Netflix. He also admitted that he used his brother's PlayStation for online gaming.

The probation officer filed a violation of probation affidavit, alleging that Morrow had accessed the internet through the laptop discovered in his bedroom. At the evidentiary hearing, the probation officer testified about Morrow's accessing the internet to watch movies and for online gaming. Morrow's brother also admitted that he allowed Morrow to use the laptop to access movies via the internet.

2

The trial court found that Morrow willfully and substantially violated probation. Morrow was sentenced to four years' imprisonment, followed by eighteen months of community control and five years of sex offender probation. This timely appeal follows.

Morrow argues first that the trial court erred in revoking his probation because the court considered Morrow's use of the internet for online gaming—a ground not alleged in the violation of probation affidavit. Morrow did not preserve this argument by contemporaneous objection at the revocation hearing, thus he must show fundamental error. *See State v. Delva*, 575 So. 2d 643, 644–45 (Fla. 1991). We find no such error here.

A trial court may not revoke probation based on a ground not alleged in the violation of probation affidavit. *Bonner v. State*, 138 So. 3d 1101, 1102 (Fla. 1st DCA 2014). But when a trial court relies on both proper and improper grounds to revoke probation, reliance on improper grounds does not require reversal when it is clear from the record that the trial court would have revoked probation based solely on proper grounds. *Edwards v. State*, 243 So. 3d 520, 521 (Fla. 1st DCA 2018). Although the trial court commented on Morrow's online gaming, the court explained that Morrow's accessing the internet to watch movies on his brother's laptop showed "by itself" that Morrow had willfully and substantially violated his probation. And so, Morrow's first argument fails.

Morrow argues next that the trial court erred when it determined that Morrow substantially violated his probation by accessing the internet to watch movies. We review "the trial court's factual finding that the State proved by a greater weight of the evidence that a violation of probation occurred under the competent, substantial evidence standard." *Hill v. State*, 301 So. 3d 1081, 1082 (Fla. 1st DCA 2020). And we review for an abuse of discretion the trial court's decision on whether a probation violation is willful and substantial. *Id.* The trial court's discretion is broad, as probation is a matter of judicial grace. *Lawson v. State*, 969 So. 2d 222, 229 (Fla. 2007).

The trial court did not abuse its discretion here. Morrow faced fifteen years in prison for the charged offense of possession with

3

the intent to promote child pornography. When he pleaded guilty to violating section 827.071(4), and when the trial court sentenced him to sex offender probation, Morrow was subject to certain mandatory conditions of sex offender probation listed in section 948.30(1)(h). Relevant here is the condition that a sex offender on probation whose crime was committed on or after July 1, 2005, may not use the internet or other computer services until a qualified practitioner in the offender's sex offender treatment program approves and implements a safety plan. § 948.30(1)(h), Fla. Stat.

Morrow, who committed his offense in 2021, did not have an approved safety plan in place. So, under the statute, he was prohibited from accessing the internet while on probation. Morrow admits that his use of the internet to watch movies was willful, but he maintains that a sex offender substantially violates this condition of probation only when the sex offender uses the internet to access pornography or contact minors. We disagree.

Some conditions of probation provided for in the sex offender probation statute make distinctions with regard to the types of content a sex offender may access via the internet and other means. *See* § 948.30(1)(g), Fla. Stat. (prohibiting sex offenders— regardless of when their crime was committed—from viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's conduct). But the date of the offense is important because the legislature has over time imposed greater restrictions on internet use by sex offenders. For sex offenders like Morrow—those convicted of a qualifying offense on or after July 1, 2005—the legislature has determined that **any use** of the internet or other computer services by the offender should be prohibited during probation, unless an approved safety plan is in place. *See* § 948.30(1)(h), Fla. Stat. Morrow's argument that using the internet should be considered a substantial violation only when the offender uses the internet to access pornography or to contact a minor is an effort to rewrite the probation statute and second-guess the legislature's policy choices.

Morrow did not have a safety plan in place, and he used the internet anyway. For this reason, the trial court did not abuse its discretion when it determined that Morrow substantially violated his probation by accessing the internet to watch movies. We AFFIRM.

RAY and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––

Jessica J. Yeary, Public Defender, and Jasmine Russell Dixon, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Christina Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.