# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D2023-1601
1D2023-1603
1D2023-1605
1D2023-1617

_____

DAMASCUS ISAIAH WILLIAMS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman Lee Robinson, Judge.

December 18, 2024

RAY, J.

In November 2013, Damascus Isaiah Williams pleaded nolo contendere to one count of armed robbery in four cases. He was sentenced in each case to a downward departure sentence of 5 years in prison followed by 10 years on probation, with these sentences to run concurrently.

In May 2023, an amended violation of probation (VOP) affidavit was filed alleging that he violated his probation by (1) committing the new offense of possession of a controlled substance (hydrocodone), (2) committing the new offense of possession of a

controlled substance (cocaine), (3) committing the new offense of possession of drug paraphernalia, (4) failing to pay the cost of supervision, and (5) associating with a person engaged in criminal activity. After an evidentiary hearing, the circuit court determined that he had committed the violations alleged in grounds (1), (3), and (4). The court revoked his probation and sentenced him to concurrent terms of 25 years in prison in each case.

On appeal, Williams argues that the evidence was insufficient to prove the three violations found by the circuit court. We affirm without discussion the court's finding that Williams violated his probation by committing the new offenses of possession of hydrocodone and possession of drug paraphernalia. But regarding Williams' failure to pay the cost of supervision, there was insufficient evidence to show that Williams had the ability to pay but purposely did not do so. *See Giambrone v. State*, 109 So. 3d 1279, 1280–81 (Fla. 1st DCA 2013). Even so, it is clear from the record that absent the improper ground, the court would still have revoked his probation and imposed the same sentences. *See Edwards v. State*, 243 So. 3d 520, 521 (Fla. 1st DCA 2018). Therefore, we affirm the revocation order and resulting sentences but remand for the correction of the order to delete the finding of a violation based on ground (4) of the amended VOP affidavit.

AFFIRMED and REMANDED with instructions.

B.L. THOMAS and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jason Cromey of Cromey Law, P.A., Pensacola, for Appellant.

Ashley Moody, Attorney General, and Christina Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.

2