# Third District Court of Appeal
## State of Florida

Opinion filed January 28, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0880
Lower Tribunal Nos. F20-17172, F20-17173, F20-15259B

_____


**Proumes Mitchell,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.


Before FERNANDEZ, GORDO and GOODEN, JJ.

FERNANDEZ, J.

Proumes Mitchell appeals the trial court's order revoking probation in three separate cases and resentencing him to an aggregate of 35 years imprisonment, community control, and probation. We affirm the revocation order in part and reverse in part, remanding for the limited purpose of entering a corrected probation revocation order without inclusion of the uncharged violation. Resentencing is not required as the record is clear that the trial court did not consider the uncharged violation during sentencing.

"[R]evoking an individual's probation for conduct not alleged in the charging document deprives the individual of due process and constitutes fundamental error." Wells v. State, 60 So. 3d 551, 553 (Fla. 1st DCA 2011).

The State concedes that the trial court erred by including the uncharged violation of driving with a suspended license in its decision to revoke Mitchell's probation. The State proposes that the proper remedy is to affirm the revocation order and reverse and remand only to remove the uncharged violation but argues that resentencing is not required as the record is clear that the trial court did not consider the uncharged violation during sentencing. We agree.

Generally, "[w]hen probation has been revoked based on charged and uncharged conduct, the revocation order must be reversed where it is unclear whether the lower court would have revoked probation and imposed

the same sentence absent the uncharged conduct." <u>Cohen v. State</u>, 171 So. 3d 179, 181 (Fla. 3d DCA 2015). It is clear from the record that the trial court would have imposed the same sentence absent the uncharged conduct.

In revoking Mitchell's probation, the Court orally pronounced:

> [T]his Court finds that the State has proven by a preponderance of the evidence that the Defendant violated his probation in both of the manners that are alleged in the probation violation affidavit: **the driving while license suspended**, as well as the fleeing to elude a police officer. So, I find him in violation of his probations. I revoke his probations at this time.

(Emphasis added). However, the transcript reveals that after this pronouncement, the trial court did not mention driving with a suspended license during witness testimony and sentencing, which took place over 30 pages of transcript. The trial court denied Mitchell's request for a downward departure given the circumstances of the underlying case, and in imposing the sentence, the trial court did not once mention the uncharged violation. Therefore, it is clear from the record that the trial court would have imposed the same sentence absent the uncharged conduct. <u>See</u> <u>Cohen</u>, 171 So. 3d at 181; <u>see also</u> <u>Ware v. State</u>, 54 So. 3d 1074, 1075 n. 1 (Fla. 1st DCA 2011) ("The trial court's comments at the sentencing hearing focused on the domestic battery, as did the new conditions of probation imposed by the court, *i.e.,* batterer's intervention program and no-contact order with the victim. **The possession of firearm offense was not even mentioned at**

3

**the sentencing hearing**." (emphasis added)); <u>Jackson v. State</u>, 369 So. 3d 746, 748 (Fla. 3d DCA 2023) ("It is clear from the record that the trial court would have revoked probation and imposed the same sentence despite consideration of the additional uncharged offense. . . . [B]efore mention of the uncharged offense, the transcript reveals discussion of the maximum sentences, including a life sentence for aggravated battery on Jackson's father resulting in a broken arm, and discussion of the prior determination that Jackson is a habitual offender and a habitual violent offender but was not previously sentenced as such.").

We affirm the revocation order in part and reverse in part, remanding for the limited purpose of entering a corrected probation revocation order without inclusion of the uncharged violation. Resentencing is not required as the record is clear that the trial judge did not consider the uncharged violation during sentencing.

Affirmed in part; reversed in part; remanded with instructions.